Krishna Reddy
10650 Mountain View Ave, #702
Redlands, CA 92373-8459
(909) 799-9569
No FAX Number


Plaintiff, KRISHNA REDDY,
in pro se,


## THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA


CASE NO.:

| | |
|---|---|
| KRISHNA REDDY, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| SANDRA DAY O'CONNOR, Associate | ) COMPLAINT FOR DAMAGES, |
| Justice; JOHN G. ROBERTS, Jr., Chief | ) FOR DECLARATORY RELIEF |
| Justice; ANTONIN SCALIA, Associate | ) AND FOR INJUNCTIVE RELIEF; |
| Justice; CLARENCE THOMAS, Associate | ) for |
| Justice; ANTHONY M. KENNEDY, | ) VIOLATION OF CIVIL RIGHTS |
| Associate Justice; and their respective Law | ) AND CONSTITUTIONAL |
| Clerks; and SANDRA ELLIOTT, | ) RIGHTS; |
| Deputy Court Clerk of the United States | ) CIVIL CONSPIRACY AND |
| Supreme Court; | ) FRAUD; and |
| THE UNITED STATES DISTRICT COURT | ) INTENTIONAL AND |
| FOR THE CENTRAL DISTRICT OF | ) NEGLIGENT INFLICTION OF |
| CALIFORNIA; TERRY J. HATTER, JR., | ) EMOTIONAL DISTRESS |
| Judge; ROBERT J. TIMLIN, Judge; | ) |
| AUDREY B. COLLINS, Judge; NORA M. | ) |
| MANELLA, Judge; PERCY ANDERSON, | ) [Demand for Jury Trial] |
| Judge; LOURDES G. BAIRD, Judge; | ) |
| WILLIAM MATTHEW BYRNE, JR., | ) |
| Judge; CORMAC J. CARNEY, Judge; | ) |
| DAVID O. CARTER; Judge; | ) |
| FLORENCE-MARIE COOPER, Judge; | ) |
| GARY A. FEESS, Judge; A. ANDREW | ) |
| HAUK, Judge; HARRY L. HUPP, Judge; | ) |
| ROBERT J. KELLEHER, Judge; WILLIAM | ) |
| D. KELLER, Judge; GEORGE H. KING, | ) |
| Judge; R. GARY KLAUSNER, Judge; | ) |

[defendants continued...]

1

J. SPENCER LETTS, Judge; RONALD S.W. LEW,      )
Judge; CONSUELO B. MARSHALL, Judge;            )
A. HOWARD MATZ,  Judge; CARLOS R. MORENO,      )
Judge; MARGARET M. MORROW, Judge; S. JAMES     )
OTERO, Judge; RICHARD A. PAEZ, Judge;          )
MARIANA R. PFAELZER, Judge; DEAN R.            )
PREGERSON, Judge; EDWARD RAFEEDIE, Judge;      )
WILLIAM J. REA, Judge; MANUEL L. REAL, Judge;  )
JAMES V. SELNA, Judge; CHRISTINA A. SNYDER,    )
Judge; ALICEMARIE H. STOTLER, Judge; ROBERT    )
M. TAKASUGI, Judge; GARY L. TAYLOR, Judge;     )
DICKRAN TEVRIZIAN, Judge; JOHN F. WALTER,      )
Judge; LAUGHLIN E. WATERS, Judge; STEPHEN V.   )
WILSON, Judge; PAUL L. ABRAMS, Magistrate Judge; )
 ROBERT N. BLOCK, Magistrate Judge; ROSALYN M.  )
CHAPMAN  Magistrate Judge; CHARLES F. EICK,    )
Magistrate judge; ELGIN EDWARDS, Magistrate  Judge; )
 MARC L. GOLDMAN, Magistrate Judge; STEPHEN J. )
HILLMAN, Magistrate Judge; JEFFREY W. JOHNSON, )
Magistrate Judge; ANN I. JONES, Magistrate Judge; )
VICTOR B. KENTON, Magistrate Judge; STEPHEN G. )
LARSON, Magistrate Judge; JENNIFER T. LUM,     )
Magistrate Judge; JAMES W. MCMAHON, Magistrate )
Judge; MARGARET A. NAGLE, Magistrate Judge;    )
ARTHUR NAKAZATO, Magistrate Judge; FERNANDO )
M. OLGUIN, Magistrate Judge; BRIAN QUINN       )
ROBBINS, Magistrate Judge; SUZANNE H. SEGAL,   )
Magistrate Judge; CAROLYN TURCHIN, Magistrate  )
Judge; PATRICK J. WALSH, Magistrate Judge;     )
ANDREW J. WISTRICH, Magistrate Judge;  CARLA   )
WOEHRLE, Magistrate Judge; RALPH ZAREFSKY,     )
Magistrate Judge; and all other prior and present District  )
Judges and Magistrate Judges of the United States  )
District Court for the Central District of California; )
THE UNITED STATES BANKRUPTCY COURT FOR )
THE CENTRAL DISTRICT OF CALIFORNIA -          )
RIVERSIDE DIVISION; DAVID N. NAUGLE, Judge;   )
THE UNITED STATES TRUSTEE; and all other      )
employees, officers and agents;               )
THE BANKRUPTCY APPELLATE PANEL FOR THE )
NINTH CIRCUIT COURT OF APPEALS (BAP); its     )
Law Clerks, Motion Attorneys, Judges and all other )
employees, officers and agents of BAP;        )
THE NINTH CIRCUIT COURT OF APPEALS;           )
CRYSTAL THOMAS, Motions Attorney; and SUSAN   )
GELMIS, Supervisor of Motions Attorneys; and all  )
other officers, employees and agents;         )
THE UNITED STATES DEPARTMENT OF               )
HOUSING AND URBAN DEVELOPMENT(HUD);           )
MINIARD CULPEPPER, Assistant General Counsel of  )
HUD; and its other officers, employees and agents; )
THE UNITED STATES DEPARTMENT OF JUSTICE       )
(DOJ); JOHN ASHCROFT, United States Attorney  )

[defendants continued...]

General; THEODORE HIRT; MARCIA BERMAN;          )
DEBRA W. WANG; ALEJANDRO N. MAYORKAS;          )
LEON W. WEIDMAN; ROBERT I. LESTER;          )
and other officers, employees and agents of DOJ;          )
THE STATE OF CALIFORNIA; THE JUDICIAL          )
COUNCIL OF THE STATE OF CALIFORNIA and          )
THE COMMISSION ON JUDICIAL PERFORMANCE          )
FOR THE STATE OF CALIFORNIA; THE SUPREME          )
COURT OF CALIFORNIA; RONALD M. GEORGE,          )
Chief Justice; FREDERICK K. OHLRICH, Clerk;          )
ROBERT F. WANDRUFF, Clerk; JOHN C. ROSSI,          )
Clerk; JANE DOE GILMORE, Clerk; and other officers,          )
employees and agents of the California Supreme Court;          )
THE COURT OF APPEAL OF CALIFORNIA FOR THE          )
FOURTH APPELLATE DISTRICT -  DIVISION TWO;          )
MANUEL A. RAMIREZ, Chief Justice; BARTON C.          )
GAUT, Justice; JAMES D. WARD, Justice; BETTY          )
ANN RICHLI, Justice; ART W. MCKINSTER, Justice;          )
THOMAS E. HOLLENHORST, Justice; and their Law          )
Clerks, and other officers, employees and agents;          )
THE SUPERIOR AND MUNICIPAL COURT OF          )
CALIFORNIA FOR THE COUNTY OF SAN          )
BERNARDINO and its officers, employees and agents,          )
to include, but not limited to, LINDA M. WILDE, Judge;          )
JEROME E. STEVENSON, Judge; JAMES A.          )
EDWARDS, Judge; STANLEY W. HODGE, Judge;          )
JOHN P. WADE, Judge; CRAIG S. KAMANSKY,          )
Judge; JEFFREY KING, Judge; MARTIN HILDRETH,          )
Judge; JOSEPH JOHNSTON, Judge; CHRISTOPHER J.          )
WARNER, Judge; KEITH D. DAVIS, Judge;          )
DOUGLAS M. ELWELL, Judge; MARY E. FULLER,          )
Judge; KAREN TEIXEIRA, Bailiff; DEENA A.          )
HERINGTON, Court Reporter; and other Law Clerks,          )
officers, employees, and agents;          )
THE CITY OF SAN BERNARDINO; THE COUNTY          )
OF SAN BERNARDINO; MICHAEL A. SACHS;          )
ALAN K. MARKS; JOHN DOE SMITH, Sheriff;          )
JOHN DOE MARSHAL, Marshal; and other officers,          )
employees and agents;          )
REDLANDS COMMUNITY HOSPITAL (RCH);          )
KAREN DARNELL; LYNDA ELLIOTT; JANET          )
BEVIS; DAWN HYATT; VICKIE CHAVEZ; JOHN          )
DOE CHAVEZ; MARGARET MCCONNELL;          )
DOLORES MERCADO; JAN MERRILL; LINDA          )
RAMIREZ; JOAN SHEA; JOHN DOE SHEA;          )
ESTHER THIEM; MICHELLE COLUNGA; MARY          )
CANDELARIA; JAYA APPANNAGARI; PATRICIA          )
SMALL; ALLISON OLAFSON; CHRISTIE NIEMANN; )
BARBARA HIRSHMANN; GREGORY HARTMAN;          )
VERDENE ALLEN; MIKE CARTER; GARY          )
COTTONGIM; and other employees and agents of RCH;          )
THOMPSON AND COLEGATE; CAROL A.          )
GREENE; RONALD V. LARSON; and other attorneys;          )

[defendants continued...]

HORVITZ & LEVY; DAVID M. AXELRAD;                )
CHRISTINE A. PAGAC; and other attorneys;         )
LOMA LINDA COMMUNITY HOSPITAL (LLCH);            )
LOMA LINDA UNIVERSITY MEDICAL CENTER;            )
MELISSA HINGULA; KAREN BOWERS; RENEE             )
EASTON; ROB MONTAGUE; DOLORES MERCADO,           )
and all other officers, employees and agents;               )
PROSKAUER, ROSE, GOETZ & MENDELSOHN;             )
BERMAN & BERMAN; JOAN E. SMILES; JEFFREY         )
A. BERMAN; and other attorneys;                  )
GRANOWITZ & WHITE; GRANOWITZ, WHITE &            )
WEBER; RICHARD A. GRANOWITZ; BRADLEY R.          )
WHITE; GREGORY W. BRITTAIN; STEVEN R.            )
WEBER; LAURIE A. IBARRA; and other attorneys,    )
employees and agents;                            )
HOMESIDE LENDING, INC. F/K/A: BANCBOSTON         )
MORTGAGE CORPORATION (HSL); NATIONAL             )
AUSTRALIA BANK, LTD.; WASHINGTON                 )
MUTUAL, INC.; DARRYL WORSHAM; ROBIN              )
PREMA WRIGHT; HAZELLE E. WEISSINGER;             )
JOHN C. MCCREARY; LOGS FINANCIAL                 )
SERVICES, INC.; LAURA HYDE; and all others       )
officers, employees and agents of HSL;           )
SHAPIRO & MILES; ARAM ORDUBEGIAN;                )
KEENAN E. MCCLENAHAN; JENNIFER KING;             )
PROFESSIONAL LENDERS ALLIANCE                     )
CORPORATION; BRUCE RUSK; JACKIE PONICH;          )
NATIONWIDE POSTING AND PUBLICATION, INC.;        )
BOB O'CONNOR; FRANK KAPLAN &                     )
ASSOCIATES; DENNIS MCGREW; and other officers,   )
employees and agents;                            )
AMRANE COHEN; LINDA S. CONWAY; MISTY             )
PERRY ISAACSON; and their unknown employees,     )
officers and agents;                             )
MILES, WRIGHT, FINLAY & ZAK, LLP;                )
JONATHAN M. ZAK; KEENAN E. MCCLENAHAN;           )
DOMENIC PUCCIO, II; T. ROBERT FINLAY;            )
DOUGLAS E. MILES; RICHARD J. BAUER, JR.;         )
LUISA G. JAFFE; ROBIN PREMA WRIGHT;              )
STEPHANIE COOPER CHRISTENSEN; SUZANNE            )
L. GERLACH; JUDITH KIM; EDWARD D.                )
RUSSELL; JANET DITTBERNER; MICHAEL W.            )
CHEN; JOLENE P. BODOW; MICHAEL R. BROOKS;        )
GWEN H. VECCHIO; JEREMY BERGSTROM; JONA          )
LOGAN; CYNTHIA L. COX; SYLVIA M.                 )
CRANSTON; MICHAEL J. AED;                        )
EDWARD T. WEBER; GEORGANNA L. DRAYTON;           )
and their unknown officers, employees and agents;           )
and DOES 1 through 100, inclusive; the individual           )
defendants are being sued individually as well as in their  )
official capacity as agents of their respective agencies;    )

                    Defendants.                  )
                                                 )
                                                 )
_____)

I, Krishna Reddy, the Plaintiff, allege:

1.      The jurisdiction of this Court over the subject matter of this action is predicated on 28 USC Sections 1331and 1343.

2.      I am and was at all times mentioned herein, a citizen of the State of California, residing in the County of San Bernardino, California.

3.      At all time mentioned in this complaint, defendant JOHN G. ROBERTS,, Jr., was the Chief Justice of the United States Supreme Court (USSC).  Defendants  SANDRA DAY O'CONNOR, Justice; ANTONIN SCALIA, Justice; CLARENCE THOMAS, Justice; and ANTHONY M. KENNEDY, Justice, were the Associate Justices of the USSC.  Defendant SANDRA ELLIOTT was the Deputy Court Clerk of the USSC.  It is my belief that at all times mentioned herein, each of the USSC defendants was a resident of Washington, District of Columbia.

4.      Defendant THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, was/is a Federal District Court located in the Central Judicial District of California.   Defendants TERRY J. HATTER, JR., Judge; ROBERT J. TIMLIN, Judge; AUDREY B. COLLINS, Judge; NORA M. MANELLA, Judge; PERCY ANDERSON, Judge; LOURDES G. BAIRD, Judge; WILLIAM MATTHEW BYRNE, JR., Judge; CORMAC J. CARNEY, Judge; DAVID O. CARTER; Judge; FLORENCE-MARIE COOPER, Judge; GARY A. FEESS, Judge; A. ANDREW HAUK, Judge; HARRY L. HUPP, Judge; ROBERT J. KELLEHER, Judge; WILLIAM D. KELLER, Judge; GEORGE H. KING, Judge; R. GARY KLAUSNER, Judge; J. SPENCER LETTS, Judge; RONALD S.W. LEW, Judge; CONSUELO B. MARSHALL, Judge; A. HOWARD MATZ, Judge; CARLOS R. MORENO, Judge;  MARGARET M. MORROW, Judge; S. JAMES OTERO, Judge; RICHARD A. PAEZ, Judge; MARIANA R. PFAELZER, Judge; DEAN R. PREGERSON, Judge; EDWARD RAFEEDIE, Judge; WILLIAM J. REA, Judge; MANUEL L. REAL, Judge; JAMES V. SELNA, Judge; CHRISTINA A. SNYDER, Judge;

5

ALICEMARIE H. STOTLER, Judge; ROBERT M. TAKASUGI, Judge; GARY L.
TAYLOR, Judge; DICKRAN TEVRIZIAN, Judge; JOHN F. WALTER, Judge;
LAUGHLIN E. WATERS, Judge; STEPHEN V. WILSON, Judge; PAUL L.
ABRAMS, Magistrate Judge; ROBERT N. BLOCK, Magistrate Judge;
ROSALYN M. CHAPMAN, Magistrate Judge; CHARLES F. EICK, Magistrate
judge; ELGIN EDWARDS, Magistrate Judge; MARC L. GOLDMAN, Magistrate
Judge; STEPHEN J. HILLMAN, Magistrate Judge; JEFFREY W. JOHNSON,
Magistrate Judge; ANN I. JONES,  Magistrate Judge; VICTOR B. KENTON,
Magistrate Judge; STEPHEN G. LARSON, Magistrate Judge; JENNIFER T.
LUM, Magistrate Judge; JAMES W. MCMAHON, Magistrate Judge;
MARGARET A. NAGLE, Magistrate Judge; ARTHUR NAKAZATO, Magistrate
Judge; FERNANDO M. OLGUIN, Magistrate Judge; BRIAN QUINN ROBBINS,
Magistrate Judge; SUZANNE H. SEGAL, Magistrate Judge; CAROLYN
TURCHIN, Magistrate Judge; PATRICK J. WALSH, Magistrate Judge;
ANDREW J. WISTRICH, Magistrate Judge;  CARLA WOEHRLE, Magistrate
Judge; and RALPH ZAREFSKY, Magistrate  Judge; are/were the District Court
Judges and Magistrate Judges of the United States District Court for the Central
District of California.

5.     Defendant THE UNITED STATES BANKRUPTCY COURT FOR
THE CENTRAL DISTRICT OF CALIFORNIA -  RIVERSIDE DIVISION, is a
Bankruptcy Court.  Defendant DAVID N. NAUGLE, is/was a Bankruptcy Judge.
Defendant THE UNITED STATES TRUSTEE, is the Trustee.

6.     Defendant THE BANKRUPTCY APPELLATE PANEL FOR THE
NINTH CIRCUIT COURT OF APPEALS is a Bankruptcy Appellate Court.

7.     Defendant THE NINTH CIRCUIT COURT OF APPEALS, is a
Federal Appellate Court.  Defendant CRYSTAL THOMAS, is a Motions
Attorney; and defendant SUSAN GELMIS, is allegedly the Supervisor of Motions

Attorneys.

6

8.    Defendant THE UNITED STATES DEPARTMENT OF HOUSING
AND URBAN DEVELOPMENT(HUD) is an agency of the United States.
Defendant  MINIARD CULPEPPER, is the Assistant General Counsel of HUD.

9.    Defendant THE UNITED STATES DEPARTMENT OF JUSTICE
(DOJ) is an agency of United States.  Defendant JOHN ASHCROFT, is the United
States Attorney General.  Defendants THEODORE HIRT; MARCIA BERMAN;
DEBRA W. WANG; ALEJANDRO N. MAYORKAS; LEON W. WEIDMAN;
and ROBERT I. LESTER, are the attorneys of DOJ.

10.    THE STATE OF CALIFORNIA is a State defendant.  THE
JUDICIAL  COUNCIL OF THE STATE OF CALIFORNIA and  THE
COMMISSION ON JUDICIAL PERFORMANCE FOR THE STATE OF
CALIFORNIA are State Agencies.

11.    Defendant THE SUPREME COURT OF CALIFORNIA is State
Supreme Court.  Defendant RONALD M. GEORGE, is the Chief Justice; and
FREDERICK K. OHLRICH; ROBERT F. WANDRUFF; JOHN C. ROSSI;
and JANE DOE GILMORE, are employees of the California Supreme Court.

12.    Defendant THE COURT OF APPEAL OF CALIFORNIA FOR THE
FOURTH APPELLATE DISTRICT -  DIVISION TWO, is a State Appellate
Court.  Defendants MANUEL A. RAMIREZ, Justice; BARTON C. GAUT,
Justice; JAMES D. WARD, Justice; BETTY ANN RICHLI, Justice; ART W.
MCKINSTER, Justice; and THOMAS E. HOLLENHORST, Justice, are the
Justices of the State Appellate Court.

13.    Defendant THE SUPERIOR AND MUNICIPAL COURT OF
CALIFORNIA FOR THE COUNTY OF SAN BERNARDINO is a State Superior
Court.  Defendants LINDA M. WILDE, Judge; JEROME E. STEVENSON, Judge;

JAMES A. EDWARDS, Judge; STANLEY W. HODGE, Judge; JOHN P. WADE, Judge; CRAIG S. KAMANSKY, Judge; JEFFREY KING, Judge; MARTIN HILDRETH, Judge; JOSEPH JOHNSTON, Judge; CHRISTOPHER J. WARNER,

7

Judge; KEITH D. DAVIS, Judge; DOUGLAS M. ELWELL, Judge; and MARY E. FULLER, Judge, are the Judges of the State Court. KAREN TEIXEIRA, Bailiff, and DEENA A. HERINGTON, Court Reporter; are State Court employees.

14.    Defendants THE CITY OF SAN BERNARDINO and THE COUNTY OF SAN BERNARDINO, are a City and County, respectively, in California. Defendants MICHAEL A. SACHS, ALAN K. MARKS; JOHN DOE SMITH, Sheriff; and JOHN DOE MARSHAL, Marshal; are the employees of the City/County.

15.    Defendant REDLANDS COMMUNITY HOSPITAL (RCH), is a hospital located in Redlands, California. Defendants KAREN DARNELL; LYNDA ELLIOTT; JANET BEVIS; DAWN HYATT; VICKIE CHAVEZ; JOHN DOE CHAVEZ; MARGARET MCCONNELL; DOLORES MERCADO; JAN MERRILL; LINDA RAMIREZ; JOAN SHEA; JOHN DOE SHEA; ESTHER THIEM; MICHELLE COLUNGA; MARY CANDELARIA; JAYA APPANNAGARI; PATRICIA SMALL; ALLISON OLAFSON; CHRISTIE NIEMANN; BARBARA HIRSHMANN; GREGORY HARTMAN; VERDENE ALLEN; MIKE CARTER; and GARY COTTONGIM; are the employees of RCH.

16.    Defendants THOMPSON AND COLEGATE; CAROL A. GREENE; RONALD V. LARSON; HORVITZ & LEVY; DAVID M. AXELRAD; and CHRISTINE A. PAGAC; are the law firms/attorneys of RCH.

17.    Defendants LOMA LINDA COMMUNITY HOSPITAL (LLCH) and LOMA LINDA UNIVERSITY MEDICAL CENTER are the hospitals located in Loma Linda, California. Defendants MELISSA HINGULA; KAREN BOWERS; RENEE EASTON; ROB MONTAGUE; and DOLORES MERCADO, are the

employees of LLCH.

18.    Defendants PROSKAUER, ROSE, GOETZ & MENDELSOHN; BERMAN & BERMAN; JOAN E. SMILES and JEFFREY A. BERMAN; are the law firms/attorneys for LLCH.

8

19.    Defendants GRANOWITZ & WHITE and GRANOWITZ, WHITE & WEBER, are the law firms in San Bernardino, California.  Defendants RICHARD A. GRANOWITZ; BRADLEY R. WHITE; GREGORY W. BRITTAIN; and STEVEN R. WEBER; are/were the attorneys of those law firms.  Defendant LAURIE A. IBARRA is/was their agent/employee.

20.    Defendants HOMESIDE LENDING, INC. F/K/A: BANCBOSTON MORTGAGE CORPORATION (HSL); NATIONAL AUSTRALIA BANK, LTD.; and WASHINGTON MUTUAL, INC., are Corporations in USA. Defendants DARRYL WORSHAM; ROBIN PREMA WRIGHT; HAZELLE E. WEISSINGER; JOHN C. MCCREARY; LOGS FINANCIAL SERVICES, INC.; and LAURA HYDE, are their agents/employees.

21.    Defendants SHAPIRO & MILES; ARAM ORDUBEGIAN; KEENAN E. MCCLENAHAN; JENNIFER KING; PROFESSIONAL LENDERS ALLIANCE CORPORATION; BRUCE RUSK; JACKIE PONICH; NATIONWIDE POSTING AND PUBLICATION, INC.; BOB O'CONNOR; FRANK KAPLAN & ASSOCIATES; and DENNIS MCGREW; are all agents of HSL.

22.    Defendant AMRANE COHEN is Trustee for HSL.  Defendants LINDA S. CONWAY and MISTY PERRY ISAACSON; are his attorneys.

23.    Defendants MILES, WRIGHT, FINLAY & ZAK, LLP; JONATHAN M. ZAK; KEENAN E. MCCLENAHAN; DOMENIC PUCCIO, II; T. ROBERT FINLAY; DOUGLAS E. MILES; RICHARD J. BAUER, JR.; LUISA G. JAFFE; ROBIN PREMA WRIGHT; STEPHANIE COOPER

CHRISTENSEN; SUZANNE L. GERLACH; JUDITH KIM; EDWARD D. RUSSELL; JANET DITTBERNER; MICHAEL W. CHEN; JOLENE P. BODOW; MICHAEL R. BROOKS; GWEN H. VECCHIO; JEREMY BERGSTROM; JONA LOGAN; CYNTHIA L. COX; SYLVIA M. CRANSTON; MICHAEL J. AED; EDWARD T. WEBER; and GEORGANNA L. DRAYTON,

9

are the attorneys/agents of HSL.

24.    I do not know the true names of the defendants DOES 1 through 100 inclusive, who are/were employees/agents of the above-listed defendants; therefore,

I am suing them by those fictitious names.  Once their identify is known, I will amend the complaint to include their names.

25.    Each of the individual defendants in doing the things alleged in this complaint, were acting within the course and scope of that agency and employment, as well as individually, for their own personal gain; therefore, each individual defendant is being sued in his/her official capacity as agent of his/her principal, as well as, in his/her individual capacity.

26.    The amount in controversy exceeds $50,000.00, and is in excess of 100 trillion dollars, exclusive of the interest and the costs.

27.    The venue is proper in this Court because the latest acts of the ongoing unConstitutional acts of the defendants that are the subject of this action were by the above-mentioned defendant-Justices of the United States Supreme Court, their respective Law Clerks, and the Deputy Court Clerk of the United States Supreme Court that gave rise to the above-mentioned claims, and occurred in Washington, District of Columbia.

28.    The unConstitutional actions of the defendants, to include both Governmental and nonGovernmental defendants, that are the subject of this complaint, constitute actions under color of statute and law, as that term has been

interpreted by relevant case law, and those unConstitutional acts of the defendants have been <u>ongoing</u>. The atrocious acts of the individual defendants constitute <u>Human Rights violations</u> as defined by the United Nations. I have no plain, speedy, or adequate remedy at law, and for that reason, I am seeking declaratory and injunctive relief, as well as, monetary damages, against each of the defendants listed above. I gave a Notice of Claims to the appropriate Federal, State, and local County Agencies on December 4, 2006.

10

The chronology of events is as follows:

29.    I am a woman of East Indian origin. After graduating from my medical school in India, I moved to the United States. I was employed as a medical transcriptionist at defendant Hospital, LOMA LINDA COMMUNITY HOSPITAL (LLCH) in February 1990. I was also hired by the defendant REDLANDS COMMUNITY HOSPITAL (RCH) in the month of April 1990. Working two jobs, I purchased a home in the City of Loma Linda in California, with a FHA loan.

30.    The defendant DOLORES MERCADO was also later hired by both the above hospitals. She started harassing me at both the hospitals based on my race and National origin. I was also harassed in violation of 42 USCS 1981, by the other employees at both the hospitals as well, to include all the defendants stated above under paragraphs 15 and 17. When this harassment was complained to the administration, my employment was terminated at both the defendant hospitals.

31.    I hired the attorneys of the defendant law firm, GRANOWITZ AND WHITE, to represent me, and they quoted through defendant BRADLEY R. WHITE as their agent, a certain amount as <u>full fee</u> for representing me, and I paid that fee in full. The attorneys then filed a complaint in the SUPERIOR COURT OF SAN BERNARDINO, Superior Court Case SCV 06542, with the attorneys of

GRANOWITZ AND WHITE as representing me in the case against RCH and its employees, who were included as DOE defendants in that complaint. REDLANDS COMMUNITY HOSPITAL filed a general denial individually, refusing to assume responsibility for the individual employee defendants' actions. While that case was in progress, defendant BRADLEY R. WHITE, in violation of the contract that he entered into, demanded more money to represent me in breach of the terms of our contract and when I reminded him of that contract and refused to pay any additional money, he withdrew as my attorney. However, the rest of the attorneys did not execute any withdrawal or substitution of attorneys, but stopped representing me, on their own.

11

32.     The case against RCH continued and depositions of the defendants were taken by their attorneys in violation of Discovery Statutes of California, without giving me any notice of taking of those depositions, and those depositions were used to assist their attorney, defendant CAROL A. GREENE, to give perjured testimony in the declarations in the State Court proceedings to obtain a summary judgment against me. I had to hire a second attorney to represent me in the summary judgment. A summary judgment was granted against me in that case, in favor of RCH, based on the perjured testimony of the RCH defendants and their attorneys.

33.     Once I substituted myself pro per in that case, I received the depositions that were taken by the defendant attorneys of THOMPSON AND COLEGATE, on December 9th, 1994, and I filed a motion for reconsideration of the summary judgment granted to RCH. Prior to the hearing of the motion for reconsideration, I disqualified the defendant, Judge WILDE, for cause, but she did not recuse herself from the case, but continued with the case in violation of California's Code of Civil Procedure Sections 170 et seq. She then set aside the extrinsic and intrinsic fraud of RCH that I complained about, stated that that was

not why we were there, refused to find fact that I was discriminated based on my race and Nationality though there was evidence on the record, and denied my motion for reconsideration. She then ordered the defendants to prepare a proposed judgment. I filed a Statement of Disqualification for cause against Judge WILDE on February 21st, 1995. A proposed judgment was served on me by RCH on 23rd of February 1995. That judgment was <u>backdated</u> by Judge WILDE to February 21st, 1995, in an attempt to undo the statements of disqualification that I filed. That backdated judgment that she entered was in fact, an interlocutory judgment, as there were issues left to be decided. However, Judge WILDE then ordered the employees of the SAN BERNARDINO SUPERIOR COURT not to take anything from me for filing. The appropriate pleadings and motions I filed were all denied

12

without a hearing by defendant Judge WILDE and defendant Judge JOHN P. WADE. Their conduct was supported by the administrative presiding judge of the State Superior Court, defendant Judge JAMES A. EDWARDS, in violation of the disqualification statutes, California's Code of Civil Procedure Sections 170 et seq. I filed a notice of appeal from that case. Once this case was on appeal, the defendant DEENA A. HERINGTON, who was the Court reporter, assisted Judge WILDE in preparing the record fraudulently by deleting the oral statement of disqualification made in open court, deleted important Court room proceedings and added statements that I never made in Open Court that day, to her Reporter's Transcript.

34. Since the statute of limitations was running out on the claims for post-termination injunctions issued by RCH and its employees against me; since the fraud of the RCH defendants that was complained by me to JUDGE WILDE was <u>not</u> adjudicated ; and since Judge WILDE issued orders to the Court Clerk not to take anything from me for filing, I had to file a second case against RCH and its employees, KAREN DARNELL, LYNDA ELLIOTT, JANET BEVIS, DAWN

HYATT, and DOE defendants; for violation of civil rights and others, State Superior Court case number SCV 22373. This time, RCH sought the protection of California's Civil Code 47(b)(2), which is in fact a <u>statutory exception</u> to statutory privilege, and in summary stipulated to their perjury in the State Court proceedings in obtaining summary judgment against me in the first case SCV 06542. However, instead of entering a judgment in my favor, that case was dismissed by defendant Judge JOHN P. WADE, without leave to amend, based on California's Civil Code Section 47(b)(2), which as I said, is a statutory exception to the statutory privilege, and statute of limitations, though the first case was still <u>pending</u> and the DOE defendants were included in the first case, but were never amended, as defendant WILDE, Judge, would not allow me to. An interlocutory judgment was entered against me with those findings by defendant Judge WADE, who ordered me not to re-litigate those same issues, and advised RCH to bring on a motion for a vexatious

13

litigant order against me if I attempted to re-litigate those issues. I filed a timely notice of appeal from that interlocutory judgment in the second case, that was dismissed without leave to amend.

     35.    Since the statute of limitations was running out on the rest of the defendants for the rest of the causes of action against RCH and its employees, and since Judge WADE would <u>not</u> allow me to litigate those causes of action that never were adjudicated, I had to file a third case against the RCH defendants in the Central District, case number, ED CV 95-453, which was dismissed with prejudice, in violation of the Federal law, by defendant Judge ROBERT J. TIMLIN, based on Younger abstinence, based on the Court's finding that the State Court cases were still "pending". The Ninth Circuit Court of Appeals affirmed that order of dismissal based on Younger abstention.

     36.    On appeal in the two State Court cases against RCH and its

employees, the defendants, the attorneys of THOMPSON AND COLEGATE and the attorneys of HORVITZ & LEVY gave perjured testimony to the Appellate Court.  The first case on appeal was dismissed because of <u>mootness</u>, as the perjured testimony stipulated to by the defendants in the judgment against me in the second case made <u>moot</u> the summary judgment of the first case.  However, the State Court of Appeal did not order the SUPERIOR COURT to reverse its judgment, though cited relevant chapters from the Text Book, <u>Witkin,</u> that recommended reversal of the judgment  [see ***<u>Duke Power Company v. Greenwood County, 299 U.S. 259, 267-268 (1936)</u>*** - held that the proper procedure in case of mootness was to reverse the judgment below].

     37.     In the meantime, defendant BRADLEY R. WHITE, filed a complaint in the small claims Court for money that I did not owe him.  From his own testimony later on in the SUPERIOR COURT, he admitted that he violated State law by not having a written contract signed before cashing my check for more than 1000 dollars in fee.  He also admitted later in the SUPERIOR COURT that he had

14

conversations with the judges of the SUPERIOR COURT regarding my case, and obviously had the cases fixed in his favor.  A judgment was entered against me in the small claims Court, and I appealed that judgment to the SUPERIOR COURT. I also gave cross-complaints in writing, which were not ruled upon by the SUPERIOR COURT, who issued only a tentative ruling in that case, but no separate judgment was entered in that case.  I filed a separate complaint against the attorneys of GRANOWITZ AND WHITE in the SUPERIOR COURT for legal malpractice and others, Superior Court case number SCV 24352.  No responsive pleading was filed on behalf of the attorneys of GRANOWITZ AND WHITE. The defendant BRADLEY R. WHITE intervened in those proceedings, and filed a response individually and severing himself from other defendants.  I moved to strike his responsive pleadings, since as an individual, he was not a party to the

cause, and also I requested a default judgment against the real parties in interest.
Based on events that took place with regard to an ex parte application by
defendant WHITE, that was brought in violation of the State law and the Local
rules, I filed for a change of venue with one of the grounds being for bias, as these
attorneys practiced in the local area and I felt that I was not having a fair hearing
in the SUPERIOR COURT.  The motion came on for hearing before the defendant
Judge JEFFREY KING, who had a pre-motion conference with me and WHITE,
and advised me that he would have WHITE pay me back my fee that the attorneys
received in full, and that he would enter a judgment against me and that he could
then close the case.  When I refused this unfair settlement involving a judgment to
be entered against me, Judge KING denied my motion for change of venue, in
violation of the California State law, which states that Motion for change of venue
when brought on the grounds for bias, acts as a supersedeas, and the judge has
only one way to rule, i.e., by transferring the case out of the jurisdiction.  My
motions to strike and other motions were also denied by Judge KING.  I then filed
a statement of disqualification for cause against Judge KING and he consented to
the

15

disqualification; however, did not vacate his void judgments.  A hearing on my
application to vacate the void orders was scheduled by the Presiding Judge at that
time, defendant Judge CRAIG KAMINSKY, to be heard on May 2nd 1996, in a
different department, and he assured me that those were only "tentative rulings and
minute orders" and were not enforceable orders.  However, while that hearing was
pending, WHITE obtained an order of dismissal of my complaint against
GRANOWITZ AND WHITE on May 1st, 1996, and obtained default entry against
me on his cross-complaint, without serving me any such requests, on May 1st,
1996, both ex parte, and had the Case Management Conference scheduled for the
next day, taken off the calendar.  Once I heard about these rulings, on that same

day, i.e., May 1st, 1996, I called the Court and requested a hearing the next day, regarding the dismissal of my complaint. There was also the hearing scheduled for May 2nd, 1996, on the application for an order to vacate the void rulings, in that same department.

38.    On May 2nd, 1996, the defendant DEENA HERINGTON, who was the Court reporter in that department that day, obviously spread the word around about the events surrounding Judge WILDE's Court proceedings. That day, a slip of paper that said that I was "trouble", was handed over to me by the bailiff, defendant KAREN TEIXEIRA, and when inquired about that, she said that defendant Judge MARTIN HILDRETH and herself, had "him and I" conversations in the chambers, and that it was decided by the Judge to have me "out of the department without a hearing". I filed a motion for disqualification of Judge MARTIN HILDRETH under CCP 170.6 and as that judgment was void as rendered by a disqualified judge, I filed for a motion to vacate all the prior rulings and orders, and this time I filed for disqualification of all the judges of the County for cause and requested for appointment of an out-of-County judge to hear the matters. No answer was filed in response to my motion for disqualification of all the judges of the County, but based on an opposition by WHITE, which was not

16

served on me, defendant Judge JOSEPH JOHNSTON, who was the presiding judge at that time for the SUPERIOR COURT OF CALIFORNIA FOR COUNTY OF SAN BERNARDINO, heard the opposition in my absence, denied my motion, and sanctioned me with 500 dollars, after the automatic disqualification of all the judges of the County. While an appeal was filed by me and was pending, WHITE obtained a judgment on his cross-complaint against me, fraudulently, by misrepresenting that there were no responsive pleadings filed by me, in spite of the fact that a motion to strike the responsive pleadings by the intervenor was already filed by me in response to his cross-complaint, and in spite of the fact that I

appealed the order denying motion to vacate the void orders. He obtained a judgment against me for 9,688.00 dollars, by misrepresenting to the Court that his cross-complaint was an "uncontested matter". That judgment was granted by the administrative presiding judge, defendant Judge CHRISTOPHER J. WARNER, once again without jurisdiction due to automatic disqualification of all the Judges of the County, and without reviewing the record which contained my responsive pleadings to the cross-complaint. I filed a timely notice of appeal from the orders of the SUPERIOR COURT; however, the Court of Appeal dismissed the appeal stating that no appealable order has been entered. As of today, I have not received any notice of any appealable orders or judgment in that case. However, a judgment has been attached to my credit report by defendant BRADLEY R. WHITE with respect to his "phantom judgment" that does not exit, as of today.

39.    Once the appellate court refused to hear the appeal from the Summary Judgment against RCH because of "mootness", I filed for motion to vacate the judgment and enter a different judgment in the Superior Court case, SCV 06542, which came on for hearing by defendant Judge JEROME STEVENSON on October 29th, 1996. Defendant RONALD V. LARSON filed a belated opposition, that he did not bother to serve on me in a timely manner. Defendant TEIXEIRA, who was the bailiff in that department that day, obviously briefed the judge about

17

me by having her usual "him and I" conversations with the Judge in the chambers. During the Court proceedings that day, Judge JEROME STEVENSON, though I asked for a continuation of the hearing as the opposition was not served by the defendants five Court days before the hearing as required under State law; denied any extension of the hearing; refused to recuse himself after my statement of disqualification in open Court, as he is required to pursuant to the State statutes, Civil Code Sections 170 et seq.; asked me to "shut up", and threatened me that he would "put me in the jail if I did not listen to his incompetent ruling and if I

opened my mouth"; rather unintelligently told me what had happened that day of February 16th, 1995 in that very Court room, when he was not even there, but I was the only one in that Court room that day who was also present on February 16th, 1995; told me that I disqualified Judge WILDE pursuant to CCP 170.6 when in fact I disqualified Judge WILDE for cause; and told me that I was not allowed to do so after a summary judgment was granted, though under California law, I was allowed to. He rendered a judgment naming me a vexatious litigant after his disqualification in violation of the State statutes, Civil Code Sections 170 et seq., and sanctioned me. A peremptory disqualification was filed by me against Judge STEVENSON that same day, who "cancelled" the original document filed, and filed the copy served on him as the original document of peremptory disqualification. No response was filed by Judge STEVENSON to my Statement of Disqualification, who automatically disqualified himself in that case. Based on the "findings" of that disqualified judge, Judge STANLEY W. HODGE, filed an order naming me a vexatious litigant along with the other orders, which violates California law.

40.    An appeal was taken by me from the three rulings by the SUPERIOR COURT; the two cases against RCH and its employees, and also from the rulings in the case against GRANOWITZ AND WHITE. As stated above, the Court of Appeal dismissed the appeal in the case against GRANOWITZ AND WHITE as there was no appealable order entered in that case, and dismissed the appeal from

18

the interlocutory judgment entered by Judge WILDE on February 21st, 1995, in the

case SCV 06542. The California Supreme Court denied my petition for review and the United States Supreme Court denied my petition for certiorari on October 6th,

1997; obviously the five USSC defendant Justices, who are Republicans

themselves, made that decision to deny my petition based on partisan politics, as defendant Judge WILDE is a Republican, who unsuccessfully ran for Congress on a Republican ticket.

41.    My former attorneys GRIFFIN AND GRIFFIN filed a lawsuit on behalf of me against defendant LOMA LINDA COMMUNITY HOSPITAL (LLCH) and its employees in the Central District Court, with defendant Judge ALICEMARIE H. STOTLER, presiding in that case, District Court case CV 94-725 AHS (EEx).  Due to the negligence of my former attorneys, that complaint was dismissed in favor of a nonparty intervenor, defendant LOMA LINDA UNIVERSITY MEDICAL CENTER (LLUMC).  Since the State law claims in that complaint were not adjudicated by Judge STOTLER, I filed those state law claims pro se under a second complaint in the District Court, which was also assigned to Judge STOTLER, District Court case CV 97-00056 AHS.  In that case, since some of the defendants defaulted to the complaint in which the liability was both joint and several, I requested a default judgment by the Court.  Judge STOTLER ordered the document stricken for alleged noncompliance with the local rules for not seeking default entry by the clerk first, and before I could apply for a default entry by the clerk, dismissed all the defendants in that case and entered a judgment dismissing the action.  In that case, in spite of the Ninth Circuit Court of Appeal's implied ruling that my complaint was not frivolous, Judge STOTLER refused to follow the "Law of the Case and Law of the Circuit" doctrines, granted the nonparty intervenor LLUMC's belated attorney fees motion, and granted the intervenor an outrageous amount of $15,261.75 in attorney fees, though a ruling from the Ninth Circuit in that case implied that my complaint was "not frivolous".

19

Only limited issues in that case were reviewed by the Ninth Circuit Court of Appeal

on appeal, but no finding was made by the Ninth Circuit that my complaint was in

any way "frivolous".

42.    While the appeal from Judge STEVENSON's order naming me a vexatious litigant was pending in the State Court of Appeal, the LLCH defendants, LLUMC, which intervened in that action, and their attorneys from defendant PROSKAUER, ROSE, GOETZ & MENDELSOHN, used that order, in violation of the Code of Civil Procedure Section 916(a), for their own ulterior motives. They pleaded in the Ninth circuit on appeal in that case, that that vexatious litigant order has been affirmed by the California Supreme Court, when in fact, it still was under the jurisdiction of the State Appellate Court.  In addition, once the State law claims against them were dismissed by the District Court in a complaint against LLCH and its employees, and once those claims were re-filed in the State Superior Court, at a time that the order naming me a vexatious litigant, which was a mandatory injunction, was pending before the State Court of Appeal on appeal and has been stayed, these defendants filed pleadings for the dismissal of the complaint, and the Superior Court did so without giving me an opportunity to file my responsive pleadings.  The defendant JOAN E. SMILES went around telling the Court clerks of the Superior Court to send that vexatious litigant order right away to all the State Superior Courts in the State, and that order which is still under review as of today, has been sent to all the Superior Courts of the State by defendant THE STATE OF CALIFORNIA through defendant THE JUDICIAL COUNCIL OF THE STATE OF CALIFORNIA.  A complaint to the defendant, THE COMMISSION ON JUDICIAL PERFORMANCE FOR THE STATE OF CALIFORNIA, produced no relief, whatsoever.  In addition, at a time that a Writ of Supersedeas regarding the vexatious litigant order was pending before the State Court of Appeal, the Superior Court dismissed that complaint, without any jurisdiction, as the pending Writ of Supersedeas suspends all matters that were embraced in that Writ, and the Superior

20

Court was without jurisdiction to enforce its vexatious litigant order prior to the decision on the Writ and the pending appeal by the State Court of Appeal and the subsequent appeals in higher Courts. The State Court appeal in that case against the

LOMA LINDA defendants was dismissed, as there was no appealable order filed by the Superior Court. I have not received any appealable order in that case thus far.

43.    Since the statute of limitations was running out on the nonappealable vexatious litigant order, I filed a complaint for violation of civil rights and constitutional rights, fraud, and intentional and negligent infliction of emotion injury, against the STATE JUDICIAL defendants, the REDLANDS COMMUNITY HOSPITAL defendants, the LOMA LINDA COMMUNITY HOSPITAL defendants, and the GRANOWITZ AND WHITE defendants, District Court case number SA CV 97-923 AHS (SH). Each of the defendants had defaulted in that case; the STATE JUDICIAL defendants to the original complaint and the rest of the defendants to the First Amended Complaint. However, my motions for judgment were not heard, and the case was decided unilaterally by the Magistrate Judge, defendant STEPHEN J. HILLMAN, who has been sexually harassing me for years now, with his attention-seeking incompetent rulings. Magistrate HILLMAN assigned the motions to himself and repeatedly harassed me with repeated erroneous rulings without giving me an opportunity to present my claims. In fact, some of the orders never reached me on time as they were never served on me by the Magistrate Judge. This conduct was ratified by defendant Judge STOTLER, who assigned the case over my objections to the Magistrate Judge, in violation of the United States' laws. The defendant Judge GARY L. TAYLOR, who was acting in an administrative capacity in that case, though there was plenty of evidence supporting bias of the Court, would not conduct the hearings on the scheduled date, but preponed the hearings without giving me an opportunity to file my pleadings and then denied my motions. I was

repeatedly harassed over

21

and over again by both the Magistrate Judge and Judge STOLER, who did not give me an opportunity to present my claims, in violation of the Fifth and the Fourteenth Amendment to the United States Constitution, as some of their rulings were based on State law; would not hear my unopposed pleadings that were on file before the Court's rulings; did not have the orders served on me on time; set deadlines to a time when they knew that the order containing the deadlines would not reach me on time to file the necessary pleadings in support of my claims; and issued orders dismissing the complaint with prejudice based on "sovereign immunity" to each and every one of the defendants in that action, along with a nonfinal pre-filing order against me, with issues regarding that pre-filing order, left to be adjudicated. At a time when an appeal was taken from those orders, Judge STOLER continued the rulings in this case without jurisdiction, as the jurisdiction has been transferred to the Ninth Circuit Court of appeal, and issued a nonfinal judgment dismissing the complaint, but not the action, in favor of those defaulted defendants that have made a belated appearance. As stated above, the Court issued a nonfinal pre-filing order, with issues left for further Court proceedings, thereby making it an interlocutory order and nonenforceable, restraining me from filing any further complaints regarding my termination of employment from RCH and LLCH. This judgment has not been entered pursuant to Federal Rules of Civil Procedure 79 by the clerk, nor any notice of entry sent by the Court clerk. Though a timely appeal was taken in that case, and the Opening Brief was mailed to the Ninth Circuit, the documents for filing,were lost. Though the Court granted me extra time to resubmit the brief, I could not afford financially to submit a second set of copies of the brief, and that appeal had been dismissed.

44.    The State Court appeals from the dismissal of complaints against the GRANOWITZ AND WHITE defendants and the LOMA LINDA COMMUNITY

HOSPITAL defendants, have been dismissed <u>without prejudice</u> by the State Court of Appeals, for lack of entry of an appealable order/final judgment.  I have not yet

22

received any appealable orders/judgments in those two cases, from the trial Court.

45.    The two appeals against the RCH defendants, from the two State Court cases, were dismissed by the State Court of Appeal, that refused to follow the "Law

of the Case Doctrine" that the summary judgment has been rendered <u>moot</u>, and refused to find that I am the prevailing party in both the State Court cases against the RCH defendants, but relied on Judge STOTLER's interlocutory pre-filing order, which in turn relied on Judge STEVENSON's minute order, as one of the grounds to affirm the order naming me a vexatious litigant.  On December 14th, 1999, defendants Justice BARTON C. GAUT, Justice ART W. MCKINSTER, and Justice BETTY ANN RICHLI, of THE COURT OF APPEAL OF CALIFORNIA FOR THE FOURTH APPELLATE DISTRICT - DIVISION TWO, affirmed the vexatious litigant order and dismissed the appeals with an unpublished order, for alleged lack of compliance with Judge STEVENSON's unreviewed and nonfinal pre-filing order, which was the subject of that appeal.

46.    On submitting my Petition for Review to the CALIFORNIA SUPREME COURT, along with an application for Waiver of Court fees and costs, though I was eligible for waiver of fees, defendant Justice RONALD M. GEORGE, denied my application for Waiver.  My motion for reconsideration of that order was not even filed, but returned by the SUPREME COURT clerks, that are listed above.    47.    As I could not afford the CALIFORNIA SUPREME COURT fees, and since both California Supreme Court and the USSC already summarily denied my prior appeals, I filed a complaint in the Central District Court, for violation of my civil rights and Constitutional rights, case number CV 00-1452-MMM, against Judge STOTLER and Magistrate Judge STEPHEN J.

HILLMAN, among others.  Magistrate HILLMAN defaulted, but tried to seek the protection of his prior pre-filing order against me, which did not include him as a party in that pre-filing order.  Defendant Judge MARGARET M. MORROW, via a minute order, ordered the Court clerk to "dismiss the action" for not depositing the 5000 dollars stated in that

23

interlocutory nonenforceable pre-filing order, though stated that I did file an application for leave to file my complaint.  No final judgment has been entered in that case yet, and that case is still pending.

48.    After I lost both my jobs at RCH and LLCH, I continued to pay the Mortgage Company, defendant HOMESIDE LENDING, Inc. (HSL), which is/was a subsidiary of defendants NATIONAL AUSTRALIA BANK, Ltd. and WASHINGTON MUTUAL, Inc., by charging my credit cards, for the mortgage payments.  Since both State and Federal Judges were abusing their power and not entering the judgment that I was entitled to in the cases before them, I could not afford to pay back my credit card bills, and had to file Chapter 7 petition, thus ruining my credit.  I defaulted on the mortgage loan, and I filed Chapter 13 proceedings to save my home from foreclosure.  HSL, through its agents, the attorneys of SHAPIRO & MILES, presented false claims during the Bankruptcy proceedings that I filed, and had my petition dismissed by defendant BANKRUPTCY COURT through defendant Judge NAUGLE, who conducted the proceedings in violation of Federal laws, and at the self-serving recommendations of the Bankruptcy Trustee, AMRANE COHEN.  I filed a timely appeal from that dismissal.  While that appeal was pending in the BANKRUPTCY APPELLATE PANEL (BAP), HSL illegally repossessed my home, without giving me notice of the sale of the property, with an obvious intent to moot the Bankruptcy appeals. BAP dismissed my appeal as moot, in violation of the Federal laws.  HSL through its agents gave perjured testimony in related State and Federal Court proceedings, and evicted me out of my own home, on April 3rd, 1998.  During the eviction

process, the defendants JOHN DOE SMITH and JOHN DOE MARSHAL, indulged in an oppressive conduct towards me. In the case that I filed on April 2nd, 1999, against HSL and its agents, case number CV 99-4431 ABC, defendant JONATHAN M. ZAK and the agents of HSL, gave perjured testimony. Defendant ROBERT I. LESTER, who has been sexually harassing me for years now,

24

obviously had that case fixed in favor of his friends, the attorneys of HSL, a fact that he did not dispute in unrelated Court proceedings. ZAK created a very hostile environment for me during those proceedings, by calling my home and using oppressive behavior during the communications with me and during the Court proceedings in that case. Defendant Judge COLLINS set aside the fraud of HSL and its agents that are listed above at paragraphs 20-23, to include Trustee AMRANE COHEN and his attorneys LINDA S. CONWAY and MISTY PERRY ISAACSON, that I complained about, did not adjudicate those issues, but issued incompetent rulings, and dismissed my complaint, though the findings by the Court in fact, entitle me to a judgment in my favor. Magistrate HILLMAN, who was just waiting for an opportunity to immunize himself from any complaints of sexual harassment by him towards me, allegedly wanted to show me, "who the boss is"! He made a finding of fact that HSL did not comply with the HUD requirements before foreclosure. Obviously he did not understand his own findings of fact! He made sua sponte recommendations for an unintelligent self-serving pre-filing order against me, on his own behalf, as well as, each and every defendant in this action, all of whom intervened improperly in that action, to include defendant Judge COLLINS, who signed that pre-filing order, in violation of the Federal law, as no man/woman should be sitting as a Judge in a case in which he/she has an interest in the outcome. Therefore, that self-serving pre-filing order is illegal and void on its face, and cannot be enforced. My appeal from that case was dismissed by the defendant, THE NINTH CIRCUIT COURT OF

APPEALS, even before the briefs were filed, in violation of the Law of the Ninth
Circuit, by the Staff Attorney, defendant CRYSTAL THOMAS, and her
supervisor, defendant SUSAN GILMIS, on June 12th, 2002.  The Magistrate's
findings that HSL did not comply with the HUD requirements, that were adverse
to HSL, went unobjected and unappealed by HSL, and became <u>final</u> now.  Based
on those findings, I am entitled to a transfer back of the Title of my property on to
my name.  However, when I wrote to HUD,

25

defendant MINIARD CULPEPPER, was rather rude, and would not even bother to
have HUD enforce the restitution laws of California and have the Title of the
Property transferred back on to my name.  In the meantime, HSL, that bought my
property for more than 100,000 dollars just to moot the Bankruptcy appeals, sold it
to another buyer for 60,000 dollars, though it would not modify my loan to that
amount, though I was entitled to under the HUD programs.

49.    On October 31st, 2002, when I attempted to file an <u>unrelated</u>
complaint, the Central District's Court clerks refused to file that complaint unless I
deposited $5,000 with the Court, pursuant to that nonfinal interlocutory
unenforceable prefiling order by Judge STOTLER.  The Attorney General and the
attorneys of the Department of Justice, and the USSC justices, listed above, have
all been using those illegal vexatious litigant orders for their own ulterior motives
in that unrelated case.  Based on their incompetent pleadings, defendant Judge
TIMLIN, dismissed my unrelated complaint <u>with prejudice</u>, case number EDCV
02-1187-RT, on April 15, 2003.

50.    I gave timely complaint to both Federal and State agencies of my
claims, and submitted a new Complaint to the Central District Court of California
on June 12, 2003.  Defendant, Judge Stotler, who was a defendant in that case, did
not recuse herself out of the case, but made a ruling rejecting my Complaint by
checking a box in her order that stated I "may not file" my Complaint.  Based on

that checked box, the judges of the Ninth Circuit Court of Appeals affirmed that order though no findings of fact or law were made by Judge Stotler in that case.

51.    Once I submitted my Petition for Writ of Certiorari to the USSC, Ms. Sandra Elliot underdated the date of receipt of my documents and refused to file my documents though the documents complied with the Court rules and were timely. On 12/12/2005, the defendant-Justices of the Supreme Court and their Law Clerks conspired to deny me my civil rights and Constitutional rights, discriminated me based on my race, National origin, among others, and denied my motion seeking an

26

order to the Court Clerk to file my documents; Justice Roberts was the Chief Justice of the Supreme Court at that time.

52.    The dates of these ongoing injuries for the above claims are from February 1990 through 12/12/2005, when the United States Supreme Court denied my motion for an order to the Court Clerk to file my documents, and as mentioned, the injuries have been ongoing.  I gave a Notice of Claims to the respective County and State Agencies in California, and to the Federal Agencies on December 4, 2006.

53.    Under California law, even though a conspirator to a conspiracy did not benefit from the conspiracy, and joined the conspiracy later on, he/she is still liable along with the rest of the co-conspirators for all the damages accrued even prior to the joinder.  The pre-filing order by the District Court has been issued pursuant to the California State law.  In response to the original complaint in the District Court case, 97-923 AHS (SH), each of the defendants, including defendants, THE COUNTY OF SAN BERNARDINO, and its attorneys, defendants MICHAEL A. SACHS and ALAN K. MARKS, executed a JOINDER OF PARTIES with the other defendants in that case, thereby joining as co-conspirators to one another's conspiracy.  In the case CV 99-4431-ABC, all the

defendants listed above, <u>joined</u> the ongoing conspiracy of each of the other defendants, and the federal defendants thus <u>consented</u> to be sued. The resultant conspiracy of each of the defendants effectively resulted in self-help repossession of my home that I purchased with a FHA loan by the United States, and also effectively denied me my fundamental right of access to Courts. The liability of each of the defendants is therefore, both joint and several, in this action.

54.    None of the claims presented in this complaint has been adjudicated by any Court of competent jurisdiction, either the State Courts or the Federal Courts, and have remained unreviewed, and therefore, do not have a preclusive effect nor

can res judicata be applied to the claims. In addition, none of the defendants is

27

entitled to a wrong judgment; but, I am entitled to have those void judgments vacated. As the fact-finding by the Courts as described above, went unappealed by the defendants and became final now, I am entitled to entry of judgments in my favor, in all the above-mentioned cases. Therefore, I am entitled to file these issues in this lawsuit.

55.    The unConstitutional acts of the defendants, as described above, have been <u>ongoing</u>, and constitute <u>Human Rights violations</u> as defined by the United Nations. The latest incident of the <u>ongoing harassment</u> by the defendants occurred on December 12, 2005, when the USSC defendants denied my motion seeking an order to the Court Clerk to file my documents. Therefore, this Complaint, is timely.

<u>FIRST CAUSE OF ACTION</u>
<u>VIOLATION OF CIVIL RIGHTS AND CONSTITUTIONAL RIGHTS</u>

56.    The allegations set forth above in paragraphs 1 through 55, inclusive, are incorporated into this cause of action by reference as if set forth in full herein.

57.    Discrimination based on color, race, sex, Nationality, poor financial

status, nonattorney status, among others, violates equal protection clause of the United States Constitution; 42 USCS 1981, et. seq.  I am entitled to property rights without any discrimination under the Civil Rights Act as well as access to Courts which is a fundamental right guaranteed by the United States Constitution.

58.    Sexual harassment by defendants Magistrate STEPHEN J. HILLMAN, ROBERT I. LESTER and JONATHAN ZAK, violates the liberty clause of the United States Constitution.

59.    Under the Procedural Due Process, there should be a fair notice, a reasonable opportunity to be heard, and the hearings should be before an impartial decision-maker, who will review the evidence and who would refrain from making a decision based on matters that are not properly presented during the proceedings. Under Equal Protection of Laws, my pleadings should have been properly reviewed by both the District Court and the State Courts.  Pursuant to the "Law of the Case"

28

doctrine, I am the prevailing party in the State Court cases against REDLANDS COMMUNITY HOSPITAL defendants, and the State Court of Appeal was bound by the order of the Court of Appeal in the first case in the first appeal, case number SCV 06542, and a judgment should have been entered in all related case in my favor.  I should have been notified appropriately regarding any motions for orders or judgments against me, but I was not given a notice of any of the motions, my unopposed pleadings were not considered by both the State and Federal trial and appellate Courts,  but sanctions were issued against me and illegal judgments were obtained against me in the cases against all the defendants in this case, as well as, pre-filing orders issued against me under the State law by the individual judges by joining the ongoing conspiracy of the nonGovernmental defendants.  Once their incompetent rulings were pointed out to them, just to cover up their baffling incompetency, the individual judges have been abusing their power over-and-over

again and issuing self-serving prefiling orders against me, and those orders clearly violate both State and Federal laws, and are void on their face. Their only defense in any action has been judicial immunity which they have already waived and consented to be sued when they intervened in actions to which they were not even parties!

60.     As stated above, the individual defendants discriminated me, and conspired to obstruct justice in a Court of Law, during both the State Court proceedings and the Federal Court proceedings, which violate 42 USC Section 1985. Though the individual judges had the power to prevent that conspiracy, they did not do so, and they are also liable along with the nonjudicial defendants for damages incurred in these proceedings, pursuant to 42 USC Section 1986. This is supported by the JOINDER OF PARTIES executed and exhibited by each of the defendants in prior cases in the Central District Court. In their official capacity, for negligence to prevent the conspiracy, their actions are also actionable under 42 USC 1986, along with the individual defendants. The combined actions of the individual

29

judges as well as the individual defendants are all thus actionable under 42 USC Sections 1981, et. seq. to include Sections 1985 and 1986. There is no judicial immunity for actions taken in an administrative capacity and as a clerk, and for indulging in unconstitutional acts. For violation of civil rights and Constitutional rights, liability could be imposed on State officers under Section 1983 and on the Federal officers under Bivens claims.

61.     As a direct and proximate result of defendants' action, I have suffered serious injury, including but not limited to extreme embarrassment, humiliation, anxiety, ridicule, physical upset and emotional distress. The full extent of these injuries is not known at this time, but I am informed and believe that the amount of these damages exceeds the jurisdictional minimum established for this court. I

will amend the complaint to set forth the full nature and extent of my damages once they

have been ascertained with particularity.

62.    An actual controversy still exists as to whether or not the defendants violated the Due Process and Equal Protection of Laws clauses of the Fifth and Fourteenth Amendments and the Due Process and Equal Protection of Laws clauses of the California Constitution; 42 USC Sections 1981, et.seq.  Unless the Court issues an appropriate judicial declaration of rights and injunctive relief, the parties will not know whether the defendants' policies comply with the law, and there will continue to be disputes and controversy surrounding the current policy.

WHEREFORE, I pray for relief as set forth below.

<u>SECOND CAUSE OF ACTION</u>

<u>CIVIL CONSPIRACY AND FRAUD</u>

63.    The allegations set forth above in paragraphs 1 through 62, inclusive, are incorporated into this cause of action by reference as if set forth in full herein.

64.    As stated above, the nonGovernmental defendants conspired to obstruct justice in a Court of Law, in both State and Federal Court proceedings, and that conspiracy and fraud of the defendants, was complained by me in all the related

30

Court cases, but never adjudicated by any Court of competent jurisdiction, but was set aside.  Each of the judicial defendants though had the power to <u>prevent</u> such an obstruction of justice in both the State and Federal Courts, <u>abused</u> their power and <u>aided and abetted this conspiracy</u>.  The combined actions of the individual judges as well as the individual defendants, are all actionable under 42 USC Sections 1983, 1985, and 1986.

65.    As is evident, the defendant, HSL, through its agents, presented false claims to HUD in the foreclosure sale of my property, and it is my belief that HSL

indulged in such a conduct that falls under the False Claims Act, in foreclosing other properties in the United States, that were on a FHA loan.  Should the United States choose to join this Complaint as a plaintiff, I will amend the Complaint to add United States as a plaintiff, under the False Claims Act.

66.    The USSC defendants by postdating the date of receipt of my documents in support of a Petition for Writ of Certiorari, and denying me the access to Courts, joined the ongoing conspiracy and fraud of each of the other defendants, for which they are liable both in their individual capacity and in an official capacity as Federal officers.

WHEREFORE, I pray for judgment as set forth below.

<u>                         THIRD CAUSE OF ACTION</u>
<u>INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS</u>

67.    I incorporate by reference the above paragraphs 1 through 66, inclusive, of this complaint, as if fully set forth herein.

68.    In addition to the above acts, the defendants have repeatedly indulged in conduct that was very oppressive, by making personal attacks against me in their pleadings and other communications, though I have been in fact, the prevailing party in the related District Court cases and in the State Court cases, as stated above.

31

69.    The aforementioned acts of the defendants, included under the First and Second Causes of action, are wilful and conscious disregard for my rights, were

outrageous, malicious, despicable, and oppressive, and were intended intentionally by each of the defendants to cause vexation, annoyance, anxiety, worry, embarrassment, humiliation, mental anguish, severe and extreme mental and emotional distress, pain and suffering, and were carried on by the defendants, with

a wilful and conscious disregard of the probability of causing emotional distress. As a direct, foreseeable, and proximate result of the defendants actions, I have suffered and will continue to suffer humiliation, embarrassment, severe mental and emotional distress, and discomfort, all to a damage in excess of 200 trillion dollars, the precise amount of which will be proven at trial, and which, the mortgage companies, that are allegedly adding assets at a rate of 100 billion per a quarter year, and the other individual agencies, can afford. Each time the defendants indulged in their illegal activities, the treble punitive damages allowed under California law got added to compensatory damages, and in turn added treble the amount in punitive damages for each subsequent illegal acts of the defendants.

70.    Because the acts taken towards me were carried out by these defendants acting in a deliberate, cold, callous, malicious, oppressive, and punitive damages against each of the defendants, in an amount appropriate to punish and make an example of the defendants, in excess of 200 trillion dollars.

WHEREFORE, I pray for judgment against each of the defendants as set forth below.

<u>RELIEF SOUGHT</u>

I pray for the following relief against <u>each of the defendants in this action</u>:

1.    Equitable injunctive and declaratory relief to include:

a.    Immediate issuance of a temporary restraining order and a preliminary injunction, followed by a permanent injunction, ordering defendants STEPHEN J. HILLMAN, Magistrate Judge; ROBERT I. LESTER, Assistant U.S.

32

Attorney; and JONATHAN M. ZAK, Attorney for HSL; to refrain from contacting me in any form.

b.    Immediate issuance of a preliminary injunction, followed by a permanent injunction, ordering the defendant HOMESIDE LENDING, Inc., to take

the necessary action to transfer the Title of my property in Loma Linda, California, that they illegally repossessed, back on to my name;

       c.    Immediate issuance of a preliminary injunction, followed by a permanent injunction, preventing defendants from adjudicating rights without due process of law; and ordering the defendants to provide parties with

some reasonable opportunity to be heard, so they can plead for their claims;

       d.    A declaration of rights stating that defendants' policies and actions violated the Due Process and Equal Protection of Laws clauses of the United States and California Constitutions, and that the individual judges are responsible for their actions committed in violation of the State Constitution and the United States Constitution that were committed without jurisdiction in a Court of law, and for aiding and abetting acts of obstruction of justice;

       e.    An order directing the CENTRAL DISTRICT OF CALIFORNIA to vacate all adverse judgments in the related cases, and to enter judgments in my favor in all those related cases, to include an order directing defendant Judge ALICEMARIE H. STOTLER to vacate the interlocutory pre-filing order against me, to vacate judgment filed dismissing the complaint and all other adverse orders and judgments, and to enter a judgment in my favor and against each of the defendants in the case CV 97-923 AHS; an order directing defendant Judge MARGARET M. MORROW, to vacate the interlocutory pre-filing order against me, to vacate judgment filed dismissing the complaint and all other adverse orders and judgments, and to enter a judgment in my favor and against each of the defendants in the case CV 00-1452-MMM; an order directing defendant Judge AUDREA B. COLLINS, to vacate the interlocutory pre-filing order against me, to

33

vacate judgment filed dismissing the complaint and all other adverse orders and

judgments, and to enter a judgment in my favor and against each of the defendants in the case CV 99-4431-ABC; an order directing the SUPERIOR COURT OF SAN BERNARDINO and the STATE COURT OF APPEAL to vacate their vexatious

litigant orders and to instruct the Courts to follow the "Law of the Case Doctrine" and to enter a judgment in my favor against each of the REDLANDS COMMUNITY HOSPITAL defendants in the case SCV 06542 and SCV 22373; an order vacating the fraudulent judgment obtained by GRANOWITZ AND WHITE in the Superior Court case SCV 24352 and to instruct the SUPERIOR COURT to enter a judgment against each of the defendants in that case; and for an order vacating the order of dismissal of complaint in the case against the LOMA LINDA COMMUNITY HOSPITAL defendants and for a judgment in that case in my favor in the Superior Court case SCV 37525;

      2.      An award of damages for the injuries that I suffered as a direct and proximate result of the defendants' action of adjudicating claims without hearing; to include:

      a.      General damages in an amount not less than 100 trillion dollars against each defendant;

      b.      Compensatory damages in an amount not less than one trillion dollars against each defendant;

      c.      Exemplary damages against each defendant;

      d.      Special damages against each defendant, to include the amounts lost so far in earnings from the defendant hospitals and through unfavorable judgments in spite of meritorious claims, in an amount to be proven at trial;

      e.      Punitive damages in an amount in excess of 200 trillion dollars against each defendant;

      3.      An award of prejudgment interest on all the amounts claimed against each defendant;

34

4.    An award of the costs of suit, including those that have already been incurred, including Attorneys' fees;

5.    Such other and further relief, as the court deems just and proper.


Respectfully submitted,


Date: December 9, 2006

_____

Krishna Reddy
Plaintiff, in pro se



<u>                            DEMAND FOR JURY TRIAL</u>


I hereby request a jury trial as provided by Rule 38(a) of the Federal Rules of the Civil Procedure.



Respectfully submitted,


Date: December 9, 2006

_____

Krishna Reddy
Plaintiff, in pro se

35

VERIFICATION

DECLARATION OF PLAINTIFF, KRISHNA REDDY

I, Krishna Reddy, am the plaintiff in the above-entitled action, **_Krishna Reddy vs. Sandra Day O'Connor, et al._**  I have read the foregoing COMPLAINT for damages, and for injunctive and declaratory relief, for violation of civil and constitutional rights, and others, and know the contents thereof.  With respect to the causes of action alleged by me, the same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 9th day of December, 2006, at Redlands, California.

By: _____

KRISHNA REDDY
Plaintiff-Declarant

36