## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KRISHNA REDDY,

    **Plaintiff,**

        v.

SANDRA DAY O'CONNOR,
Associate Justice, United States Supreme
Court, et al.,

    **Defendants.**

Civil Action No. 06-2114 (JDB)

**FILED**

DEC 2 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## ORDER

Plaintiff, proceeding *pro se*, has filed a complaint alleging violation of her federal civil

rights and intentional and negligent infliction of emotional distress, seeking $100 trillion in

damages and equitable and injunctive relief against over 200 defendants. The Court has

reviewed the complaint and determined that the threshold issues of venue and judicial immunity

should be considered at the outset of this case to ensure the fair and efficient management of this

litigation.

Virtually all of the allegations describe events that occurred in California -- primarily, a

series of lawsuits and appeals filed by plaintiff in state and federal courts regarding the

termination of her employment at two California hospitals and her subsequent bankruptcy

proceedings, as well as allegedly unlawful conduct by the attorneys, judges, and justices involved

in those cases. Plaintiff resides in California, and the vast majority of the defendants are located

in California. See Compl. ¶¶ 3-23.

Indeed, of the more than 200 defendants, the only defendants located in the District of

Columbia are the justices of the U.S. Supreme Court and their staff ("U.S. Supreme Court

defendants"), the U.S. Department of Justice ("DOJ"), and the U.S. Department of Housing and Urban Development ("HUD").[1] But justices are absolutely immune from suit for actions taken in a judicial or quasi-judicial capacity. See Mireles v. Waco, 502 U.S. 9, 9-11 (1991); Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); Sindram v. Suda, 986 F.2d 1459, 1460 (D.C. Cir. 1993). Judicial employees playing an integral role in the judicial process, including law clerks, staff attorneys, and the like, also are immune from suit. See Sindram, 986 F.2d at 1460. Therefore, the Court should consider, as a threshold matter, whether the claims against the U.S. Supreme Court defendants should be dismissed based on immunity.

If the claims against the U.S. Supreme Court defendants are dismissed, a substantial question arises as to whether venue lies in this district, as the allegations against DOJ and HUD, set forth in a single paragraph of the 70 paragraph complaint, are a *de minimis* component of the action. Indeed, plaintiff states in her complaint that venue in the District of Columbia is based on the actions of the U.S. Supreme Court defendants here. See Compl. ¶ 27 ("[V]enue is proper in

---

[1] The remaining defendants fall into the following groups:

(1) federal and state judicial defendants in California (Compl. ¶¶ 4-7, 11-13);
(2) the State of California and certain State agencies (Compl. ¶ 10);
(3) the City of San Bernardino and the County of San Bernardino (id. ¶ 14);
(4) the Redlands Community Hospital ("RCH") and its employees (id. ¶ 15);
(5) the law firm of Thompson & Colgate and its attorneys, as counsel for RCH (id. ¶ 16);
(6) the Loma Linda Community Hospital ("LLCH") and its employees (id. ¶ 17);
(7) the law firm of Proskauer, Rose, Goetz & Mendelsohn and Berman & Berman, as counsel for LLCH (id. ¶ 18);
(8) the law firm of Granowitz & White and/or Granowitz, White & Weber (id. ¶ 19);
(9) Homeside Lending, Inc. ("HSL") and its employees (id. ¶ 20);
(10) Shapiro & Miles and its employees, as agents of HSL (id. ¶ 21);
(11) Amrane Cohen as trustee for HSL, along with Cohen's attorneys (id. ¶ 22); and
(12) Miles, Wright, Finlay & Zak, LLP, as attorneys and agents of HSL (id. ¶ 23).

Based on the allegations of the complaint, all of these defendants appear to be located in California.

this Court because the latest acts . . . were by the above-mentioned defendant Justices of the United States Supreme Court, their respective Law Clerks, and the Deputy Court Clerk . . .").

Even if venue lies in this district, it may nonetheless be appropriate to transfer venue to an appropriate judicial district lying within California, pursuant to 28 U.S.C. § 1404, in light of the location of approximately 200 defendants there and the close nexus between the events alleged and that State.

For these reasons, the Court concludes that, rather than issuing summons to and requiring answers or Rule 12 motions from hundreds of individuals, the fair and efficient adjudication of this matter can be effectuated by commencing the case with responses on behalf of the U.S. Supreme Court defendants. Thus, the Court will direct the United States Attorney's Office for the District of Columbia to submit a response on behalf of the U.S. Supreme Court defendants addressing the issues of judicial immunity and venue, and any other issues that counsel deems appropriate.

Accordingly, it is hereby

ORDERED that the Clerk of the Court shall transmit a copy of the complaint and this Order to the United States Attorney's Office for the District of Columbia; and it is further

ORDERED that United States Attorney's Office for the District of Columbia shall submit a response on behalf of the United States Supreme Court defendants by not later than January 31, 2007, addressing the issues of judicial immunity and venue.

SO ORDERED.

JOHN D. BATES
United States District Judge

Dated: December 20, 2006

-3-