UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KRISHNA REDDY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-2114 (JDB) |
| | ) | |
| v. | ) | |
| | ) | |
| SANDRA DAY O'CONNOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MOTION TO DISMISS

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants, through counsel, respectfully move this Court to dismiss Plaintiff's complaint with prejudice for lack of subject matter jurisdiction and failure to state a claim. In support of this motion, Defendants respectfully refer the Court to the attached memorandum of points and authorities. Defendants have also attached a proposed order.

Because this is a dispositive motion, the undersigned has not sought Plaintiff's consent before filing it. LCvR 7 (m).

March 5, 2007                    Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.


_____/s/_____
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KRISHNA REDDY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-2114 (JDB) |
| | ) | |
| v. | ) | |
| | ) | |
| SANDRA DAY O'CONNOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF SUPREME COURT DEFENDANTS' MOTION TO DISMISS**

Plaintiff Krishna Reddy filed this action on December 12, 2006, naming more than 200 individuals as defendants and raising a wide variety of challenges to the handling of civil suits resolved in California's state and federal courts. Among the named defendants are Chief Justice John Roberts, Associate Justices Sandra Day O'Connor, Anthony Kennedy, Clarence Thomas, and Antonin Scalia, and Sandra Elliot of the Supreme Court Clerk's Office (together "Supreme Court defendants").[1] Plaintiff's only allegations against the Supreme Court defendants are that: (1) the Supreme Court denied plaintiff's 1997 petition for a writ of certiorari based upon "partisan politics," see Complaint, at ¶ 40; (2) Ms. Elliot refused to accept documents from plaintiff for filing, see Complaint, at ¶ 51; and (3) the Supreme Court denied a 2005 motion seeking to direct the Clerk of the Supreme Court to accept these documents for filing, see Complaint at ¶ 51. Plaintiff seeks equitable and injunctive relief and $100 trillion in damages.

---

[1] Although plaintiff has name other federal defendants in the Complaint, the Court has requested a response only concerning the Supreme Court defendants. See December 20, 2006 Order.

STANDARD OF REVIEW

1.   *Rule 12(b)(1)*

On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), Plaintiff bears the burden of establishing that the court has subject-matter jurisdiction. Rasul v. Bush, 215 F. Supp. 2d 55, 61 (D.D.C. 2002) (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936)). Because subject-matter jurisdiction focuses on the court's power to hear the claim, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. Macharia v. United States, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). Moreover, the court is not limited to the allegations contained in the complaint. Hohri v. United States, 782 F.2d 227, 241 (D.C. Cir. 1986), vacated on other grounds, 482 U.S. 64 (1987). Instead, to determine whether it has jurisdiction over the claim, the court may consider materials outside the pleadings. Herbert v. Nat'l Acad. of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992).

2.   *12(b)(6)*

A Rule 12(b)(6) motion tests the legal sufficiency of a complaint and dismissal is appropriate where the "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Browning v. Clinton, 292 F.3d 235, 241 (D.C. Cir. 2002) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Court is to treat the complaint's factual allegations as true, see Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993), and must grant plaintiff "the benefit of all inferences that can be derived from the facts alleged," Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir.1979). However, "the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by

2

the facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions."

Akintomide v. United States, 99-MS-0055 (PLF), 2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996) and Kowal v. MCI Communication Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

ARGUMENT

I.  The Complaint Must Be Dismissed Because all of the Supreme Court Defendants Have Absolute Immunity

In this case, all of the Supreme Court defendants are entitled to absolute judicial immunity.  See, e.g., Pierson v. Ray, 386 U.S. 547, 553-54 (1967) (upholding immunity of judges for acts within their judicial role).  The purpose of this judicial immunity is to protect the public, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences."  Pierson, 386 U.S. at 554.  As the Supreme Court explained more than a century ago in Bradley v. Fisher, 13 Wall. 335, 351 (1872), "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or wantonly."  See also Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.").

Judicial immunity is overcome in only two sets of circumstances.  A judge is not immune from liability for actions: 1) not taken in judge's judicial capacity; and 2) taken in complete absence of all jurisdiction.  Mireless v. Waco, 502 U.S. 9. 9-12 (1991).  Because there is no question that the justices were acting within their judicial capacity, and that the Supreme Court had jurisdiction to resolve plaintiff's earlier civil actions (and in fact, plaintiff herself brought her cases to the Supreme Court), it is clear that the justices are entitled to absolute judicial immunity from this suit.  See, e.g., Moore v. Burger, 655 F.2d 1255 (D.C. Cir. 1981).
The courts have also held repeatedly that court employees, including clerks, have a similar absolute immunity from suit when they are carrying out functions that are an integral part of the

4

judicial process.  See Sindram v. Suda, 986 F.2d 1459, 1460-61 (D.C. Cir. 1993); see also Rodriguez v. Weprin, 116 F.3d 62, 66-67 (2nd Cir. 1997); Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992); Foster v. Walsh, 864 F.2d 416, 417 (6th Cir. 1988); Rogers v. Bruntrager, 841 F.2d 853, 856 (8th Cir. 1988); Sharma v. Stevas, 790 F.2d 1486, 1486 (9th Cir. 1986).  Because Ms. Elliot's receipt and processing of plaintiff's attempted filings are plainly an integral part of the judicial process, she is equally entitled to absolute judicial immunity from these claims.[2]

II.     To the Extent Plaintiff Seeks to Compel Official Action by the Supreme Court Defendants, this Court Lacks Jurisdiction over Plaintiff's Claims.

Included within the relief sought in the complaint in this case are an injunction requiring that the defendants allow plaintiff an "opportunity to be heard" and a declaration that defendants' actions violated the Constitution.  See Complaint, at 31-32.  But this Court lacks subject matter jurisdiction over any effort to compel official action by the Supreme Court or its employees, however that challenge may be styled.  See In re Marin, 956 F.2d 339, 340 (D.C. Cir.) (district court lacked jurisdiction over mandamus action seeking to compel Supreme Court Clerk to docket cert petition), *cert. denied*, 506 U.S. 844 (1992); see also Chandler v. Judicial Council of the Tenth Circuit, 398 U.S. 74, 94 (1970)(Harlan, J., concurring) ("direct review by a district judge of the actions of circuit judges would present serious incongruities and practical problems"); Panko v. Rodak, 606 F.2d 168, 170 n.6 (7th Cir. 1979) ("it seems axiomatic that a lower court may not order the judges or officers of a higher court to take action").  As the D.C. Circuit has explained in similar circumstances, the Supreme Court has the sole legal authority to determine how cases before it will be resolved, and "neither a district court nor a circuit court of

---

[2] That Ms. Elliot's actions were an integral part of the judicial process is demonstrated clearly by the facts of this case.  According to plaintiff, she filed an unsuccessful motion to direct the Supreme Court Clerk to accept her documents for filing after Ms. Elliot returned those documents to her unfiled.  See Complaint, at ¶ 51.  Thus, plaintiff obtained a ruling from the Justices that Ms. Elliot's actions were correct, effectively converting action by Ms. Elliot into action by the Court as a whole.

5

appeals has jurisdiction to interfere with it by mandamus or otherwise." In re Marin, 956 F.2d at 340. Thus, to the extent that the complaint in this case seeks an order requiring the Supreme Court and its employees to take action with respect to plaintiff's civil actions, the complaint must be dismissed for lack of subject matter jurisdiction.

III.    Plaintiff Does Not State a Claim Under 42 U.S.C. § 1983

The Supreme Court defendants do not act under "color of state law" but rather, federal law; therefore, plaintiff has not stated a claim under 42 U.S.C. § 1983.[3] Section 1983 provides that:

> "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."

42 U.S.C. § 1983. The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the alleged wrongdoer is clothed with the authority of state law." Williams v. United States, 396 F.3d 412, 414 (D.C. Cir. 2005) *quoting* United States v. Classic, 313 U.S. 299, 326 (1941); accord Monell v. New York City Dept. of social Services, 436 U.S. 658, 695-701 (1978); Polk County v. Dodson, 454 U.S. 312, 317-18 (1981). An agent of a federal agency may be subject to suit in his individual capacity under § 1983 only if he is acting pursuant to a law of the District of Columbia.

---

[3] If the plaintiff seeks damages from the Supreme Court defendants based directly upon the Constitution under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, (1971), these claims too must fail. As discussed above, the Supreme Court defendants are entitled to absolute immunity from suit, including Plaintiff's constitutional claims brought under Bivens. Pierson v. Ray, 386 U.S. 547, 553-54 (1967) (upholding immunity of judges for acts within their judicial role, and finding therefore a local judge could not be held liable for damages under the Civil Rights Act for an unconstitutional conviction).

See Settles v. United States Parole Comm'n, 429 F.3d 1098, 1104 (D.C. Cir. 2005) (holding that a § 1983 claim would lie against individual members of the Parole Commission when acting pursuant to an "Act of Congress applicable exclusively to the District of Columbia").

The Supreme Court defendants are indisputably federal employees. Thus, plaintiff's claims under 42 U.S.C. § 1983 must be dismissed because the Supreme Court defendants did not act under "color of state law."

IV.  To the Extent Plaintiff Seeks Monetary Damages from the Supreme Court Defendants for Common Law Torts, the Complaint Must Be Dismissed Pursuant to the FTCA

The Federal Tort Claims Act is the exclusive remedy to obtain money damages arising from the negligent or wrongful act of any federal employee acting within the scope of employment.[4] See 28 U.S.C. § 2679(b)(1). The Plaintiff alleges fraud as well as intentional and negligent infliction of emotional distress, all of which are common law torts. Complaint ¶¶ 66 - 67. The FTCA is the exclusive remedy for any loss from the tortious actions of federal agencies or employees. See 28 U.S.C. § 2679(b)(1). The FTCA therefore pre-empts any tort actions directly based on the common law or state law against the United States, its agencies, or employees. See Smith, 499 U.S. at 165-69; Expeditions Unlimited Aquatic Enterprises, Inc. v. Smithsonian Institution, No. 74-1899, (D.C. Cir., June 28, 1976), reprinted in 566 F.2d 289 App. A-1, at 295-99; Kline v. Republic of El Salvador, 603 F. Supp. 1313, 1316 (D.D.C. 1985).

---

[4] The FTCA prohibits suits arising out of fraud as a cause of action. Exceptions to the Federal Tort Claims Act under 28 U.S.C. § 2680(h) include: "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights . . ." Consequently, the FTCA excludes Plaintiff's fraud claim against the Supreme Court defendants as it is consists of allegations of abuse of process, misrepresentation and deceit. Complaint ¶¶ 64-66.

7

Where the Attorney General or his designee certifies that an individual defendant was acting within the scope of his or her federal employment at the time of the incident in question, the civil action is deemed one against the United States under the FTCA, and the United States is substituted as the defendant. See 28 U.S.C. § 2679(d)(1). The Chief of the Civil Division, Office of the United States Attorney for the District of Columbia, acting pursuant to the provisions of 28 U.S.C. § 2679(d), and by virtue of the authority delegated to the United States Attorney by 28 C.F.R. § 15.4, and redelegated to him, has certified that all of the defendants in this action were acting within the scope of their federal employment at the time of the incidents in question here. Exhibit 1. Because of this certification, the United States must be substituted as the sole defendant with respect to the common law tort claims raised in this action.

Once the United States is substituted, all claims against it must be dismissed. Prior to instituting a civil action under the FTCA, a plaintiff must file an administrative claim with the relevant federal agency and have that claim denied in writing. See 28 U.S.C. § 2675(a). Presentment of an administrative claim is a jurisdictional prerequisite to suit under the FTCA. See, e.g., GAF Corporation v. United States, 818 F.2d 901, 905 (D.C. Cir. 1987). Plaintiff in this action makes no allegation that he has ever presented these claims to the Supreme Court or to any other federal agency. For that reason alone, the complaint must be dismissed.

## **CONCLUSION**

For the reasons set forth above, the Supreme Court defendants respectfully request that plaintiff's Complaint against them be dismissed with prejudice.[5]

March 5, 2007                    Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.

_____/s/_____
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

---

[5] It should be noted that Plaintiff claimed that venue was appropriate in the District of Columbia because of the actions of the Supreme Court defendants. Complaint ¶ 27. Once the Supreme Court defendants are dismissed from this action, venue certainly would be most appropriate in California where the remaining alleged events occurred and the other roughly 200 defendants are located. Moreover, to the extent Plaintiff sues the other defendants in their personal capacities, the plaintiff has not alleged facts indicating that this case has personal jurisdiction over them.

## CERTIFICATE OF SERVICE

      I hereby certify that on March 5, 2007, I caused the foregoing Motion to Dismiss to be served on pro se plaintiff, Krishna Reddy, by postage prepaid and addressed as follows:


KRISHNA REDDY
10650 Mountain View Ave., #702
Redlands, CA 92373-8459


                                              /s/
                                ANDREA McBARNETTE
                                Assistant United States Attorney
                                555 4th Street, NW
                                Washington, DC 20530
                                (202) 514-7153

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KRISHNA REDDY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 06-2114 (JDB) |
| ) | |
| v. ) | |
| ) | |
| SANDRA DAY O'CONNOR, et al., ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATION

I, Rudolph Contreras, Chief of the Civil Division, Office of the United States Attorney for the District of Columbia, acting pursuant to the provisions of 28 U.S.C. § 2679(d), and by virtue of the authority delegated to the United States Attorney by 28 C.F.R. § 15.4, and first redelegated to me on March 20, 2006, hereby certify that I have read the complaint in Krishna Reddy v. Sandra Day O'Connor, et. al., No. 06-2114 (D.D.C., filed December 12, 2006), and that on the basis of the information now available to me with respect to the incidents alleged therein, I find that Chief Justice John Roberts, Associate Justices Sandra Day O'Connor, Anthony Kennedy, Clarence Thomas, and Antonin Scalia, and Sandra Elliot of the Supreme Court Clerk's Office (together "Supreme Court defendants") were acting within the scope of their employment as employees of the United States at the time of the alleged incidents.

March 1, 2007

_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney
Chief, Civil Division

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
KRISHNA REDDY,                      )
                                    )
        Plaintiff,                  )    Civil Action No. 06-2114 (JDB)
                                    )
    v.                              )
                                    )
SANDRA DAY O'CONNOR, et al.,        )
                                    )
        Defendants.                 )
_____)

ORDER

UPON CONSIDERATION of Supreme Court Defendants' Motion to Dismiss, the memorandum of points and authorities in support thereof, any opposition thereto, any reply, and the record herein, it is this ____day of _____, 2007,

ORDERED, that Plaintiff's complaint against the Supreme Court Defendants be, and hereby is, DISMISSED WITH PREJUDICE.

_____
United States District Court Judge