Krishna Reddy
10650 Mountain View Ave, #702
Redlands, CA 92373-8459
(909) 799-9569
No FAX Number

Plaintiff, KRISHNA REDDY,
in pro se,

THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

CASE NO.:   06-CV-2114-JDB

| | |
|---|---|
| KRISHNA REDDY, | ) |
| Plaintiff, | ) |
| vs. | ) |
| SANDRA DAY O'CONNOR, et.al., | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S OPPOSITION AND CROSS-MOTION FOR JUDGMENT FOR FAILURE OF THE DEFENDANTS TO STATE A VALID LEGAL DEFENSE TO THE CLAIMS**

[FRCP Rules 12(c) & (h)(2)]

Memorandum of Points and Authorities
Declaration of Plaintiff
Proposed Order

RECEIVED

MAR 2 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## INTRODUCTION

This is an opposition and cross-motion by me, Krishna Reddy, the plaintiff in the above-titled action, for judgment on the pleadings against the defendants Chief Justice JOHN ROBERTS, Associate Justices SANDRA DAY O'CONNOR, ANTHONY KENNEDY, CLARENCE THOMAS, and ANTONIN SCALIA, and Court Clerk SANDRA ELLIOTT ("USSC defendants") in response to their "MOTION TO DISMISS ("MOTION")."

## STATEMENT OF RELEVANT FACTS

1. Four of the USSC defendants, the Associate Justices SANDRA DAY O'CONNOR, ANTHONY KENNEDY, CLARENCE THOMAS, and ANTONIN SCALIA, were parties to the action in which I was attempting to seek a petition for Writ of Certiorari [see Complaint lodged in Central District of California, Exhibit A at pages 14-16, and Petition for Writ of Certiorari in USSC at Exhibit B at pages 17-19]. Because they were parties, US Code 28 USCS 455(b)(5)(i) automatically disqualified the Associate Justices from hearing any matters in that case.

2. Defendant SANDRA ELLIOTT refused to file my petition stating that it was "untimely" though it was timely received by her [see Exhibit C at page 20, denial; and see Exhibit D at pages 21-22 that the package was postmarked as well as received on May 13 and not May 16 as the Court Clerk claims].

3. Per the USSC defendants' own admission, the four Associate Justices participated in the administrative decision of denying the filing of my petition in the Supreme Court [see MOTION at page 4 para 2 and fn 2 at page 5]. Since the Federal disqualification statute 28 USCS 455 stripped the associate justices of any jurisdiction to hear any matters in my case, they were acting in clear absence of all jurisdiction when acting on my petition.

4. An administratrive complaint was given under FTCA on December 4, 2006, prior to filing this Complaint [see Exhibit E at pages 23-27, and proof of receipt by FTCA at Exhibit F at page 28].

1

5. I was not served with any motion for extension of time that the USSC defendants allegedly filed on March 1, 2007. I received the MOTION on the 15th of March, the postage meter reading of which reads 03/06/2007 and not 03/05/2007 as they claim in their certificate of service.

## PROCEDURAL HISTORY

In what seems to be bizarre, not to mention discriminatory procedural events, the Court clerk did not issue summons in this case, but Judge Bates had the complaint "served" on the DOJ, gave DOJ the points to plead, and "invited" DOJ to plead a motion to dismiss! Once they filed a belated MOTION TO DISMISS, I was not even given the required 11 days to file my opposition, but my time was cut-short to less than a week after receipt of the MOTION, while other litigants in this Court were given more than 30 days to respond to MOTIONS TO DISMISS!

## ARGUMENT

## SECTION I

## PRELIMINARY OBJECTIONS

### I. DISQUALIFICATION OF JUDGE BATES IS PROPER

Judges have an ethical duty to disqualify themselves when reasonable factual basis exists for doubting the judge's impartiality. Prior employment with the party presents sufficient risk that Judge's impartiality "might reasonably be questioned" and disqualification was required [see *Preston v. United States* (9th Cir. 1991) 923 F2d 731, 734; *United States v. Arnpriester* (9th Cir. 1994) 37 F3d 466, 467]. Judge Bates' actions as described above are grounds to question his impartiality. In addition, Judge Bates was reportedly appointed by defendant Justice ROBERTS to serve on the FICA Court. Based on the above, diqualification of Judge Bates pursuant to 28 USCS 455, is proper.

### II. DEFENDANTS ARE SEEKING IMPROPER RELIEF

1. The defendants brought the motion to dismiss under Rule 12(b)(1) and Rule 12(b)(6). When both grounds are asserted, the Court should decide Rule

2

12(b)(1) motion first [see *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83 (1998)]. Where defendant moves for dismissal for lack of subject matter jurisdiction as well as on other grounds, the Court should rule first on Rule 12(b)(1) challenge since if it must dismiss complaint for lack of subject matter jurisdiction, all other defenses and objections, including alleged lack of personal jurisdiction, become <u>moot</u>, and do not need to be determined. *Rhulen Agency, Inc. v. Alabama ns. Guaranty Assn.* (1990) 896 F2d 674.

2. With their MOTION, defendants are seeking dismissal <u>with prejudice</u>. Dismissal for lack of subject matter jurisidiction is not a determination on the merits, and should be without prejudice. See *Cook v. Peter Kiewit Sons* Co. (9th Cir. 1985) 775 F2d 1030, 1035. *Ramming v. US* (5th Cir. 2001) 281 F3d 158, 161.

III. <u>NO SUPPORTING DECLARATIONS FOR FACTUAL ATTACKS</u>

There are two kinds of Rule 12(b)(6) attacks on the Complaint; facial attack versus factual attack. Under facial attack, the allegations of the Complaint are taken as true, while with a factual attack, a fact-finding is made by the Court. [see *Montez v. Dept of Navy* (5th Cir. 2004) 392 F3d 147, 149-150.] With their MOTION at page 3, the USSC defendants make factual attack on the Complaint, but did not provide any affidavits in support of their own version of the "facts."

IV. <u>IMPEACHMENT OF THE USSC DEFENDANTS IS PROPER</u>

1. Based on the conduct of the defendant in the case of *Jones v. Clinton* 520 U.S. 681 (1997), Mr. Clinton, the then President underwent impeachment proceedings for similar misrepresentations as the USSC defendants are making in this case with their fraud upon the Court. The actions of the defendants in this case fall under "obstruction of justice in a Court of law" for which each of them must be impeached including defendant SANDRA DAY O'CONNOR, who, though retired, seems to be active as a public servant for United States.

2. The Chief Justice of New Hampshire Supreme Court, Justice David A. Brock underwent impeachment proceedings against him with one of the grounds

being - not disqualifying himself pursuant to the State Disqualification Statutes. When my case was in the Supreme Court, the defendant justices would not let go of my case though they were disqualified from making any decisions in my case.

Based on the above, impeachment proceedings are proper against the defendant Associate justices.

## SECTION II
### NO VALID LEGAL DEFENSES WERE PRESENTED TO THE CLAIMS

1. The issues in this case are not "issues of first impression" but are all well-settled by the USSC. The Courts have held that if a decision of the United States Supreme Court applies, the district court is required to follow it. *Rodriguez de Quijas v. Shearson/Am. Exp.*, 490 U.S. 477, 484 (1989) [held -"If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions"]. If a decision of the court of appeals applies, the district court is required to follow it, leaving to the court of appeals or the United States Supreme Court, the prerogative of rejecting that decision. *United States v. Torres*, 115 F. 3d 1033, 1036 (D.C. Cir. 1997) (held - "District judges, like panels of this court, are obligated to follow controlling circuit precedent until either we, sitting en banc, or the Supreme Court overrule it.").

2. In the case of *Hafer v. Melo* (1991) 502 US 20; 112 S Ct 358, The Supreme Court, defendant Justice O'Connor, held that: (1) state officers may be <u>personally liable for damages</u> under Section 1983 based upon actions taken in their <u>official capacities</u>; (2) officer's potential liability is not limited to acts under color of state law that are outside their authority or not essential to operation of state government, but also <u>extends to acts within their authority</u> and necessary to performance of governmental functions; and (3) Eleventh Amendment does not erect barrier against suits to impose individual and personal liability on state officers

4

under Section 1983 (emphasis added). The same rule would apply in this case for the USSC defendants as Federal officers under *Bivens* and claiming sovereign immunity.

I

## JUDICIAL IMMUNITY IS NOT ABSOLUTE

1. The defendants were sued both in their official capacity and their individual capacity [see Complaint page 10 para 25]. In their official capacity, they could claim sovereign immunity, while in their individual capacity, they can only claim judicial immunity, based on the following case law:

> To extent 1983 claim is asserted against state official in his official capacity, he may assert state's Eleventh Amendment immunity against suit, but <u>not</u> personal official privilege of absolute or qualified immunity; conversely, to extent such claim is asserted against him in his individual capacity, he may assert privileges of absolute or qualified immunity but may <u>not</u> assert immunity under Eleventh Amendment. <u>Ying Jing Gan v. City of New York (1993, CA2) 996 F2d 522.</u> (emphasis added)

Based on the above, the defendants have defaulted on their official capacity claims as they did not raise a defense of sovereign immunity for their actions in their official capacity.

2. The doctrine of "judicial immunity" is a judge-made doctrine (by Lord Coke of England), and judicial immunity is not absolute but is qualified as it has certain exceptions such as "clear absence of all jurisdiction." See *Bradley v. Fisher*, 13 Wall. 335, 351. When a judicial officer acts entirely without jurisdiction or without compliance with jurisdiction requisites he may be held civilly liable for abuse of process even though his act involved a decision made in good faith, that he had jurisdiction. *State use of Little v. U.S. Fidelity & Guaranty Co.*, 217 Miss. 576, 64 So. 2d 697. "No judicial process, whatever form it may assume, can have any lawful authority outside of the limits of the jurisdiction of the court or judge by whom it is issued; and an attempt to enforce it beyond these boundaries is nothing less than lawless violence." *Ableman v. Booth*, 21 Howard 506 (1859).

5

3. In the case of *Forrester v. White*, 484 U.S. 219, 229-230 (1988), the Court applied a "functional" approach and ruled that administrative decisions are not covered by immunity. Court clerk lacks any "discretion" as she is not a judge and her functions are administrative functions, therefore she is not entitled to immunity. In the case of *Antoine v. Byers & Anderson, Inc.,* 508 U.S. 429, 432-438 (1993), the Court ruled that when a judge is performing the reporter's function, she is acting in administrative capacity, hence has no judicial immunity for all those acts. In my case in the USSC, the justices were performing clerical/administrative function with regard to "filing of my petition", and were acting in an administrative capacity, for which there is no judicial immunity, not to mention, since they were parties to the case, the United States Code 28 USCS 455 stripped them off any jurisdiction to hear any matters in my case.

4. Qualified immunity is a defense, the burden of pleading which rests with the public official, and it is for the official to claim that the conduct was justified by an objectively reasonable belief that it was lawful. *Gomez v. Toledo* (1980) 446 US 635; 64 L Ed 2d 572; 100 S Ct 1920; *Poe v. Hayden* (1988, CA6 Ky) 853 F2d 418. As stated above, 28 USCS 455(b)(5)(i) stripped jurisdiction off theAssociate Justices as they were parties to the action that I was seeking to file a Petition for Writ of Certiorari in. Therefore, the defendants were acting in complete absence of all jurisdiction as the Federal statute does not confer them jurisdiction over my Petition. *Worcester County Trust Co. v. Riley* (1937) 302 US 292. When a judge knows that he lacks jurisdiction, or acts in the face of clearly valid statutes expressly depriving him of jurisdiction, judicial immunity is lost. *Rankin v. Howard*, (1980) 633 F.2d 844; see *Simmons v. Conger* (11th Cir. 1996) 86 F 3d 1080.

5. There is no immunity for Constitutional violations. With respect to the "clearly established" rule for qualified immunity, civil liability may be imposed on a

public officer, under <u>42 USCS 1983</u> or under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics* (1971) 403 US 388; 29 L Ed 2d 619; 91 S Ct 1999, for deprivation of a federal constitutional right if, but only if, in the light of pre-existing law, the unlawfulness under the Federal Constitution is apparent. *United States v. Lanier* (1997) 137 L Ed 2d 432, 436. The case of *US v. Lanier* makes it apparent that there is no immunity for Constitutional violations. The case of US v. Lanier, supra, gave enough notice to the USSC defendants that their unconstitutional acts do not have immunity.

6. As mentioned above in *Hafer v. Melo* (1991) 502 US 20, supra, liability could be imposed for official acts in their individual capacity

Based on the above cases, neither the defendant SANDRA ELLIOTT nor the individual justices has any immunity for their actions.

## II

## INJUNCTION IS PROPER TO ENJOIN FUTURE VIOLATIONS

1. It appears that the USSC defendants are confused as to what the purpose of an injunction is!  When there is invasion of Constitutional rights, an injunction is proper to avoid <u>future violations</u>.  See *US v. Oregon Med. Soc.,* 343 U.S. 326, 333 (1952).  In that case, at page 333, the Court said, "...the sole function of an action for injunction is to forestall future violations. It is so unrelated to punishment or reparations for those past that its pendency or decision does not prevent concurrent or later remedy for past violations by indictment or action for damages by those injured. All it takes to make the cause of action for relief by injunction is a real threat of future violation or a contemporary violation of a nature likely to continue or recur...."

2. The inquiry by Justice Marshall in the case of *Maybury v. Madison* 5 US 137 (1803),  was:

If he has a right, and that right has been violated, do the laws of the country afford him a remedy? The very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he receives an injury. One of the first duties of the government is to afford that protection. In Great Britain the king himself is sued in the respectful form of a petition, and he never fails to comply with the judgment of his court. 5 US 137, 163. Marbury v. Madison, 5 U.S. 137 (1803).

3. In the case of *Painter v. Leeke* (1973, CA4 SC) 485 F2d 427, the Court held that trial judge's refusal, at beginning of trial, to allow defense counsel to make any motions to court and instruction to defense counsel to put all such motions in record marked as heard and overruled, denied defendant *due process*. In my case, the defendants simply do not want to hear my pleadings, no-matter-what. When a violation of constitutionally protected rights is shown, most courts hold no further showing of irreparable injury. *Associated Gun Contractors of CA v. Coalition for Economic Equity* (9th Cir. 1991) 950 F2d 1401, 1410; *Brewer v. West Irondequest Cut School District* (2nd Cir. 2000) 212 F3d 738, 744-745.

4. With this action, I am not seeking a review of the USSC's determination on my petition as they claim at pages 5-6 of their MOTION, instead, I am seeking an injunction against any future violations, which the Court has authority to grant. Judicial immunity is not a bar to prospective injunctive relief against a judicial officer, such as the defendants, acting in their judicial capacity. *Pulliam v. Allen* 466 U.S.U.S. 522, 528-543 (1984).

Based on the above, I'm entitled to an injunction against each of the USSC defendants.

III

THERE IS NO IMMUNITY FOR CONSTITUTIONAL VIOLATIONS

1.  As stated above, with respect to the "clearly established" rule for qualified immunity, civil liability may be imposed on a public officer, under 42 USCS 1983 or under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics* (1971) 403 US 388; 29 L Ed 2d 619; 91 S Ct 1999, for deprivation of a federal constitutional right if, but only if, in the light of pre-existing law, the unlawfulness under the Federal Constitution is apparent. *United States v. Lanier* (1997) 137 L Ed 2d 432, 436. The case of *US v. Lanier* makes it apparent that there is no immunity for Constitutional violations.

2.  Public officials cannot raise qualified immunity defense to 42 USCS 1985 claim. *Burrell v. Board of Trustees of Ga. Military College* (1992, CA11Ga) 970 F.2d 785.

3.  Liability could be imposed for official acts in their individual capacity. As stated above, in the case of *Hafer v. Melo* (1991) 502 US 20; 112 S Ct 358, the defendant  Justice O'Connor, held that public officials can be personally liable for damages for actions taken in their official capacities. The same rule would apply for Bivens claims for the USSC defendants.

4.  The act of one conspirator during a conspiracy is the act of all of the conspirators if done in furtherance of the conspiracy [*de Vries v. Brumback* (1960) 53 Cal 2d 643, 648; 2 Cal Rptr 764; 349 P. 2d 532]. The act of one during a conspiracy is the act of all if done in furtherance thereof, defendants who are charged with participation in a conspiracy may be held liable who in fact committed no overt act whatsoever and gained no benefit therefrom [*Wetherton v. Growers Farm Labor Ass'n* (1969) 275 Cal App 2d 168, 176; 79 Cal Rptr 543].

9

5. A racially motivated conspiracy is actionable. See *Moore v. Burger* 655 F2d 1255; *Monongahela Power Co v FCC* 655 F2d 1254, 1257 (1981).

6. A Federal officer can be sued for racially motivated conspiracy to violate party's civil rights. Text of 1985 nowhere indicates that defendant must be acting under color of State law nor does it differentiate between State, private, or Federal conspiracies. See *Alvarez v. Wilson* (1977, ND Ill) 431 F. Supp. 136). Private federal causes of action are possible under 1985 and 1986 [seeI *Delta Sav. Bank v. US* (2001, CA9 Cal) 265 F3d 1017].

7. Contrary to what defendants claim at pages 6-7, Complaint at page 30 para 50 differentiates the statutes for both State and Federal defendants, while page 31 para 64 is regarding  private parties who corruptly conspire with a judge in conjuntion with the judge's performance of an official judicial act are acting under color of state law for 1983 purposes pursuant to the case of *Dennis v. Sparks*, 449 U.S. 24, 28-29; 101 S. Ct. 183, 186-187; 66 L. Ed 2d 185 (1980).

8. Since the USSC defendants joined the ongoing conspiracy of the other State and Federal defendants who were acting under color of California's State law, among others, liability could be imposed under 1983 and Bivens for their co-conspiracy with the rest of the defendants and in their individual capacity as private parties. See *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996).

As stated above, since the liability of the USSC defendants is both joint and several [see Complaint page 27, para 53], they cannot be dismissed from this action.

IV

FTCA REQUIREMENTS HAVE BEEN MET

1. As mentioned at page 10 para 28 of the Complaint, notice of Claims has been given to FTCA prior to filing the Complaint, on December 4, 2006 [see Exhibit E at pages 23-27 and Exhibit F at page 28].

2. In the case of *GAF Corporation v. US* 818 F2d 901, 906-923 (D.C. Cir. 1987), at page 923, the Court held that after presenting claims to FTCA, the claimant could determine that a judicial forum is the underlined preferred forum.

3. When FTCA preempts tort actions based on the exceptions stated in the Statute, cause of action arises against the individual defendants in their own name. See *FDIC v. Meyer* (1994) 510 U.S. 471.

4. Attorney General's scope of employment certification is improper and should be reviewed. In this case, the US Attorney's certification apparently has been made with ulterior motives. They cannot certify since justices were acting without jurisdiction as stated above, and in a case where exceptions to FTCA exist so that United States cannot be sued, and the individual defendants cannot be sued because of the certification, certification is not proper. In the case of Gutierrez de Martinez v. Lamagno, 515 U.S. 417 (1995), the Court wrote: "In sum, under Lamagno's reading of the congressional product at issue, whenever the case falls within an exception to the FTCA, the Attorney General sits as an unreviewable "judge in her own cause"; she can block petitioners' way to a tort action in court, at no cost to the federal treasury, while avoiding litigation in which the United States has no incentive to engage, and incidentally enhancing the morale - or at least sparing the purse of federal employees. The United States, as we have noted, disavows this extraordinary, conspicuously self-serving interpretation. See supra, at 5, and n. 4. Recognizing that a U.S. Attorney, in cases of this order, is hardly positioned to act impartially, the Attorney General reads the law to allow judicial review." Based on the above, the self-serving certification should be vacated.

5. Removal of the case to California is improper as California Courts are precluded from hearing matters in this case. In as much as the defendants want the case to be moved to California, since the State of California is also a defendant, any of the California Courts, whether State or Federal, are precluded from hearing any matters in this case. See *Gutierrez v. Lamagno*, supra, at page 427-428, citing

11

Federalist Paper 10, wrote that "no man can be a judge in his own case and no man is permitted to try cases where he has an interest in the outcome."

6. In addition, as mentioned at page 26, para 50, the other defendant in this case, Judge STOTLER, is not allowing me to file my Complaint in California, though she is precluded from making such rulings since she is a party to the action that I submitted for filing in that Court.

Based on the above, the scope of employment certificate by the US Attorney is improper and should be <u>vacated</u>, and change of venue back to California is also improper and should be abandoned.

## SECTION IV

ON A FRCP, RULE 12(b)(6) MOTION, THE COURT COULD
ENTER SUMMARY JUDGMENT FOR THE PLAINTIFF

On a Federal Rules of Civil Procedure, Rule 12(b)(6) motion, the Court could enter judgment against defendant sua sponte, after giving notice to the defendants [*Peckmann v. Thompson* (7th Cir 1992) 966 F2d 295].

Based on all the above, I am entitled to a judgment in my favor for failure of the defendants to state a valid legal defense to my claims since the Federal disqualification statute stripped them of any jurisdiction in my case, and the justices was acting in clear absence of all jurisdiction pursuant to the Federal statute.

Respectfully submitted,

Date: March 19, 2007

Krishna Reddy

_____

Krishna Reddy
Plaintiff, in pro se

## DECLARATION OF PLAINTIFF, KRISHNA REDDY

I, Krishna Reddy, declare:

1. I am the plaintiff in the above-titled action.

2. This declaration is being made in support of my OPPOSITION TO MOTION TO DISMISS and CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS.

3. This opposition and cross-motion are being personally prepared by me and all facts stated in this opposition and cross-motion, including this declaration, the memorandum of points and authorities in support thereof, and all the documents submitted as exhibits, are all within my personal knowledge, except where otherwise indicated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed this 19nd day of March, 2007, at Redlands, California.

Krishna Reddy
Plaintiff, pro se

13

1   Krishna Reddy
2   10650 Mountain View Ave, #702
    Redlands, CA 92373-8459
3   (909) 799-9569
    No FAX Number

4

5   Plaintiff, KRISHNA REDDY,
    in pro se,
6

7

8           THE UNITED STATES DISTRICT COURT

9       FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11                                          CASE NO.:

12  KRISHNA REDDY,                          ) COMPLAINT FOR DAMAGES,
                                            ) FOR DECLARATORY RELIEF
13          Plaintiff,                      ) AND FOR INJUNCTIVE RELIEF;
                                            )        for
14          vs.                             ) VIOLATION OF CIVIL RIGHTS
                                            ) AND CONSTITUTIONAL
15  THE UNITED STATES DISTRICT COURT        ) RIGHTS;
    FOR THE CENTRAL DISTRICT OF             ) CIVIL CONSPIRACY AND
16  CALIFORNIA; TERRY J. HATTER, JR.,       ) FRAUD; and
    Judge; ROBERT J. TIMLIN, Judge;         ) INTENTIONAL AND
17  AUDREY B. COLLINS, Judge; NORA M.       ) NEGLIGENT INFLICTION OF
    MANELLA, Judge; PERCY ANDERSON,         ) EMOTIONAL DISTRESS;
18  Judge; LOURDES G. BAIRD, Judge;         )
    WILLIAM MATTHEW BYRNE, JR.,             )
19  Judge; CORMAC J. CARNEY, Judge;         )   [Demand for Jury Trial]
    DAVID O. CARTER; Judge;                 )
20  FLORENCE-MARIE COOPER, Judge;           )
    GARY A. FEESS, Judge; A. ANDREW         )
21  HAUK, Judge; HARRY L. HUPP, Judge;      )
    ROBERT J. KELLEHER, Judge; WILLIAM      )
22  D. KELLER, Judge; GEORGE H. KING,       )
    Judge; R. GARY KLAUSNER, Judge;         )
23  J. SPENCER LETTS, Judge; RONALD         )
    S.W. LEW, Judge; CONSUELO B.            )
24  MARSHALL, Judge; A. HOWARD MATZ,        )
    Judge; CARLOS R. MORENO, Judge;         )
25  MARGARET M. MORROW, Judge;              )
    S. JAMES OTERO, Judge; RICHARD A.       )
26  PAEZ, Judge; MARIANA R. PFAELZER,       )
    Judge; DEAN R. PREGERSON, Judge;        )
27

28          [defendants continued...]

                        1

A -14

1    I, Krishna Reddy, the Plaintiff, allege:

2    1.    The jurisdiction of this Court over the subject matter of this action is

3    predicated on 28 USC Sections 1331and 1343.

4    2.    I am and was at all times mentioned herein, a citizen of the State of

5    California, residing in the County of San Bernardino, California.

6    3.    At all time mentioned in this complaint, defendant THE UNITED

7    STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF

8    CALIFORNIA, was/is a Federal District Court located in the Central Judicial

9    District of California.   Defendants TERRY J. HATTER, JR., Judge; ROBERT J.

10   TIMLIN, Judge; AUDREY B. COLLINS, Judge; NORA M. MANELLA, Judge;

11   PERCY ANDERSON, Judge; LOURDES G. BAIRD, Judge; WILLIAM

12   MATTHEW BYRNE, JR., Judge; CORMAC J. CARNEY, Judge; DAVID O.

13   CARTER; Judge; FLORENCE-MARIE COOPER, Judge; GARY A. FEESS,

14   Judge; A. ANDREW HAUK, Judge; HARRY L. HUPP, Judge; ROBERT J.

15   KELLEHER, Judge; WILLIAM D. KELLER, Judge; GEORGE H. KING, Judge;

16   R. GARY KLAUSNER, Judge; J. SPENCER LETTS, Judge; RONALD S.W.

17   LEW, Judge; CONSUELO B. MARSHALL, Judge; A. HOWARD MATZ, Judge;

18   CARLOS R. MORENO, Judge;  MARGARET M. MORROW, Judge; S. JAMES

19   OTERO, Judge; RICHARD A. PAEZ, Judge; MARIANA R. PFAELZER, Judge;

20   DEAN R. PREGERSON, Judge; EDWARD RAFEEDIE, Judge; WILLIAM J.

21   REA, Judge; MANUEL L. REAL, Judge; JAMES V. SELNA, Judge;

22   CHRISTINA A. SNYDER, Judge; ALICEMARIE H. STOTLER, Judge;

23   ROBERT M. TAKASUGI, Judge; GARY L. TAYLOR, Judge; DICKRAN

24   TEVRIZIAN, Judge; JOHN F. WALTER, Judge; LAUGHLIN E. WATERS,

25   Judge; STEPHEN V. WILSON, Judge; PAUL L. ABRAMS, Magistrate Judge;

26   ROBERT N. BLOCK, Magistrate Judge; ROSALYN M. CHAPMAN, Magistrate

27   Judge; CHARLES F. EICK, Magistrate judge; ELGIN EDWARDS, Magistrate

28   Judge; MARC L. GOLDMAN, Magistrate Judge; STEPHEN J. HILLMAN,

5

A - 15

1  Magistrate Judge; JEFFREY W. JOHNSON, Magistrate Judge; ANN I. JONES,

2  Magistrate Judge; VICTOR B. KENTON, Magistrate Judge; STEPHEN G.

3  LARSON, Magistrate Judge; JENNIFER T. LUM, Magistrate Judge; JAMES W.

4  MCMAHON, Magistrate Judge; MARGARET A. NAGLE, Magistrate Judge;

5  ARTHUR NAKAZATO, Magistrate Judge; FERNANDO M. OLGUIN, Magistrate

6  Judge; BRIAN QUINN ROBBINS, Magistrate Judge; SUZANNE H. SEGAL,

7  Magistrate Judge; CAROLYN TURCHIN, Magistrate Judge; PATRICK J.

8  WALSH, Magistrate Judge; ANDREW J. WISTRICH, Magistrate Judge;  CARLA

9  WOEHRLE, Magistrate Judge; and RALPH ZAREFSKY, Magistrate  Judge;

10  are/were the District Court Judges and Magistrate Judges of the United States

11  District Court for the Central District of California.

12      4.     Defendant THE UNITED STATES BANKRUPTCY COURT FOR

13  THE CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION, is a

14  Bankruptcy Court.  Defendant DAVID N. NAUGLE, is/was a Bankruptcy Judge.

15  Defendant THE UNITED STATES TRUSTEE, is the Trustee.

16      5.     Defendant THE BANKRUPTCY APPELLATE PANEL FOR THE

17  NINTH CIRCUIT COURT OF APPEALS is a Bankruptcy Appellate Court.

18      6.     Defendant THE NINTH CIRCUIT COURT OF APPEALS, is a

19  Federal Appellate Court.  Defendant CRYSTAL THOMAS, is a Motions Attorney;

20  and defendant SUSAN GELMIS, is allegedly the Supervisor of Motions Attorneys.

21      7.     Defendant WILLIAM HUBBS REHNQUIST, is the Chief Justice of

22  the United States Supreme Court (USSC). Defendants  SANDRA DAY

23  O'CONNOR, Justice; ANTONIN SCALIA, Justice; CLARENCE THOMAS,

24  Justice; and ANTHONY M. KENNEDY, Justice, are the Associate Justices of

25  USSC.

26      8.     Defendant THE UNITED STATES DEPARTMENT OF HOUSING

27  AND URBAN DEVELOPMENT(HUD) is an agency of the United States.

28  Defendant  MINIARD CULPEPPER, is the Assistant General Counsel of HUD.

6

A -16

NUMBER: _____

# IN THE

# SUPREME COURT OF THE UNITED STATES

## October 2004 Term

---

KRISHNA REDDY,

       Plaintiff-Petitioner,

     vs.

ALICEMARIE H. STOTLER, Judge,

       Defendant-Respondent, and

THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA, et.al.,

       Defendants-Respondents.

---

On Petition for a Writ of Certiorari
to the United States Court of Appeals
for the Ninth Circuit

---

Ninth Circuit Court of Appeals Case No. 03-56283
District Court Case No. CV-97-00923-AHS

---

## PETITION FOR A WRIT OF CERTIORARI

---

Krishna Reddy, pro se
10650 Mountain View Ave, Apt #702
Redlands, CA 92373-8459
(909) 799-9569
No FAX Number

$\mathcal{B}$-17

## QUESTIONS PRESENTED FOR REVIEW

1.    Whether defendants-respondents, the Ninth Circuit Court of Appeals and the District Court Judge, are qualified from making any rulings of fact or law in this case to which they are parties;

2.    Whether the prefiling orders meet the requirements to name plaintiff a vexatious litigant;

3.    Whether the District Court erred in denying plaintiff leave to file the Complaint though the plaintiff complied with prefiling requirements by applying for leave to file the Complaint;

4.    Whether the Ninth Circuit's order of Affirmance of the District Court's order is based on any facts or law; and

5.    Whether the lower Courts' orders violate the Fifth and Fourteenth Amendments to the United States Constitution?

β - 18

<u>PARTIES</u>

<u>Plaintiff-Petitioner:</u>

I, Krishna Reddy, am the Plaintiff-Petitioner in this action.

<u>Defendants-Respondents:</u>

I.    Justice of the United States Supreme Court (see App-3, p. 20, lines 22-24):

1. WILLIAM HUBBS REHNQUIST, Chief Justice of the United States Supreme Court;

2. SANDRA DAY O'CONNOR, Associate Justice of the United States Supreme Court;

3. ANTONIN SCALIA, Associate Justice of the United States Supreme Court;

4. CLARENCE THOMAS, Associate Justice of the United States Supreme Court; and

5. ANTHONY M. KENNEDY, Associate Justice of the United States Supreme Court.

II.   The Ninth Circuit Court of Appeals and its agents; the District Court for the Central District of California, and its Judges and other agents; State Courts and their agentss; and other private parties (see App-3, p. 19-22).

(ii)

B-19

# SUPREME COURT OF THE UNITED STATES
## OFFICE OF THE CLERK
### WASHINGTON, DC 20543-0001

May 16, 2005

Krishna Reddy
10650 Mountain View Ave, #702
Redlands, CA 92373-8459

 RE: Reddy v. Stotler

Dear Ms. Reddy:

The above-entitled petition for writ of certiorari was not postmarked and was received May 16, 2005. The papers are returned for the following reason(s):

 No motion for leave to proceed in forma pauperis, signed by the petitioner or by counsel, is attached. Rules 33.2 and 39. The motion must be signed.

 No notarized affidavit or declaration of indigency is attached. Rule 39. You may use the enclosed form.

 Returned is check #2659 is in the amount of $300. There is no filing fee for in forma pauperis.

     Sincerely,
     William K. Suter, Clerk
     By:

     S. Elliott
     (202) 479-3025

Enclosures

C - 20

**U.S. Postal Service™ Delivery Confirmation™ Receipt**

Postage and Delivery Confirmation fees must be paid before mailing.

Article Sent To: (to be completed by mailer)

*Please Print Clearly*

USSC   ATTN:  Ms. SANDRA ELLIOTT
FOR MR. WILLIAM K. SUTER
OFFICE OF THE CLERK / USSC
WASHINGTON, D.C.   20543

**DELIVERY CONFIRMATION NUMBER:**

D305  0630  0002  7443  6529

Postmark Here

San Bernardino, CA DC

MAY 10 2005

USPS

**POSTAL CUSTOMER:**
Keep this receipt. For inquiries:
Access internet web sites at
*www.usps.com* ®
or call 1-800-222-1811

CHECK ONE (POSTAL USE ONLY)

[X] Priority Mail™ Service
[X] First-Class Mail® parcel
[ ] Package Services parcel

(See Reverse)

PS Form 152, May 2002

---

UNITED STATES
POSTAL SERVICE

0000     20543

U.S. POSTAGE
PAID
SAN BERNARDINO, CA
92403
MAY 10 '05
AMOUNT
**$31.65**
00050760-23

...ited States

PRIORITY

F#5

D-21

*UNITED STATES*
*POSTAL SERVICE*

Label/Receipt Number: **0305 0830 0002 7943 6529**
Status: **Delivered**

Your item was delivered at 7:23 am on May 13, 2005 in WASHINGTON, DC 20543.

Enter Label/Receipt Number.

Additional information for this item is stored in files offline.

D-22

**Krishna Reddy**
10650 Mountain View Ave, #702
Redlands, CA 92373-8459
Phone No.: (909) 799-9569

December 4, 2006

Mr. William R. Burchill, Jr.
The General Counsel
Tort Claims Division
Administrative office of the United States Courts
1 Columbus Circle, N.E.
Washington, D.C. 20544

The General Manager
Tort Claims Division
Office of Fair Housing and Equal Opportunity
Department of Housing and Urban Development
Room 5204
541 Seventh Street SW
Washington, DC 20410-2000

The General Manager
California State Controller's Office
California Victim Compensation and Government Claims Board
Government Claims Division
P.O. Box 3035
Sacramento, CA 95812-3035

The General Manager
Risk Management Division
for the County of San Bernardino
222 West Hospitality Lane, 3rd floor
San Bernardino, CA 92415-0016

Being sent via:  Certified Mail with Return Receipt requested

## DATE OF THE LAST INJURY: December 12, 2005

RE:    **NOTICE OF FEDERAL AND STATE TORT CLAIMS** FOR THE
UNCONSTITUTIONAL FEDERAL AND STATE GOVERNMENTAL
ACTIONS AND NONGOVERNMENTAL ACTIONS UNDER COLOR
OF LAW, pursuant to **the Federal Tort Claims Act, pursuant to Title 28
of the United States Code, Chapter 171, Sections 2671, et seq., and the
California's State Tort Claims Act, pursuant to California's
Government Code, Sections, 900, et seq.,**

1

**E·23**

FOR VIOLATION OF CIVIL RIGHTS AND CONSTITUTIONAL RIGHTS; BREACH OF CONTRACT; WRONGFUL FORECLOSURE ON REAL PROPERTY AND SELF-HELP REPOSSESSION; INTENTIONAL INTERFERENCE WITH ECONOMIC ADVANTAGE; CIVIL CONSPIRACY AND FRAUD; MALICIOUS ABUSE OF PROCESS; and INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; and OTHERS; for the actions of the following agencies, the officers, employees, and agents of the Federal, State, and County agencies, and their co-conspirators, including, but not limited to:

(1)    THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA; and all its prior and present Law Clerks, Magistrate Judges and District Court Judges, as well as, all others of their unknown officers, employees and agents;

(2)    THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION; DAVID N. NAUGLE, Judge; THE UNITED STATES TRUSTEE; and all others of their unknown employees, officers and agents.

(3)    THE BANKRUPTCY APPELLATE PANEL FOR THE NINTH CIRCUIT COURT OF APPEALS; its Law Clerks, Motion Attorneys, Circuit Judges and all others of their unknown employees, officers and agents.

(4)    THE NINTH CIRCUIT COURT OF APPEALS; its Law Clerks, Motion Attorneys, Circuit Judges, and Circuit Justices, to include, but not limited to, Ms. CRYSTAL THOMAS, Ms. SUSAN GELMIS; and all others of the unknown officers, employees and agents of the Ninth Circuit Court of Appeals;

(5)    Justice SANDRA DAY O'CONNOR, Justice JOHN G. ROBERTS, Jr., Justice KENNEDY, Justice SCALIA, and Justice THOMAS, and their unknown Law Clerks, Motions Attorneys, other officers, employees and agents, and Deputy Court Clerk SANDRA ELLIOTT of the United States Supreme Court;

(6)    THE UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (HUD); and its unknown officers, employees and agents;

(7)    THE UNITED STATES JUSTICE DEPARTMENT; THE UNITED STATES ATTORNEY; ALEJANDRO N. MAYORKAS; LEON W. WEIDMAN; ROBERT I. LESTER; and their unknown officers, employees and agents;

(8)    THE STATE OF CALIFORNIA; and its unknown officers, employees, and agents, to include the officers of the Judicial branch of Government of the State of California;

(9)    THE SUPREME COURT OF CALIFORNIA; RONALD M. GEORGE, Chief Justice; FREDERICK K. OHLRICH; ROBERT F. WANDRUFF; JOHN C. ROSSI; JANE DOE GILMORE; and their unknown officers, employees and agents;

E-24

(10)    THE COURT OF APPEAL OF CALIFORNIA FOR THE FOURTH
APPELLATE DISTRICT - DIVISION TWO, MANUEL A. RAMIREZ,
Justice; BARTON C. GAUT, Justice; JAMES D. WARD, Justice; BETTY
ANN RICHLI, Justice; ART W. MCKINSTER, Justice; THOMAS E.
HOLLENHORST, Justice; and their unknown Law Clerks, and other
officers, employees and agents;

(11)    THE SUPERIOR AND MUNICIPAL COURT OF CALIFORNIA FOR
THE COUNTY OF SAN BERNARDINO and its officers, employees and
agents, to include, but not limited to, LINDA M. WILDE, Judge;
JEROME E. STEVENSON, Judge; JAMES A. EDWARDS, Judge;
STANLEY W. HODGE, Judge; JOHN P. WADE, Judge; CRAIG S.
KAMANSKY, Judge; JEFFREY KING, Judge; MARTIN HILDRETH,
Judge; JOSEPH JOHNSTON, Judge; CHRISTOPHER J. WARNER,
Judge; KEITH D. DAVIS, Judge; DOUGLAS M. ELWELL, Judge;
MARY E. FULLER, Judge; KAREN TEIXEIRA, Bailiff; DEENA A.
HERINGTON, Court Reporter; and all others of their unknown Law
Clerks, officers, employees, and agents;

(12)    THE JUDICIAL COUNCIL OF THE STATE OF CALIFORNIA and THE
COMMISSION ON JUDICIAL PERFORMANCE FOR THE STATE OF
CALIFORNIA; and their unknown officers, employees, and agents;

(13)    THE CITY OF SAN BERNARDINO; THE COUNTY OF SAN
BERNARDINO; MICHAEL A. SACHS, ALAN K. MARKS; JOHN DOE
SMITH, Sheriff; JOHN DOE MARSHAL, Marshal; and their unknown
officers, employees and agents;

(14)    REDLANDS COMMUNITY HOSPITAL; KAREN DARNELL; LYNDA
ELLIOTT; JANET BEVIS; DAWN HYATT; VICKIE CHAVEZ; JOHN
DOE CHAVEZ; MARGARET MCCONNELL; DOLORES MERCADO;
JAN MERRILL; LINDA RAMIREZ; JOAN SHEA; JOHN DOE SHEA;
ESTHER THIEM; MICHELLE COLUNGA; MARY CANDELARIA;
JAYA APPANNAGARI; PATRICIA SMALL; ALLISON OLAFSON;
CHRISTIE NIEMANN; BARBARA HIRSHMANN; GREGORY
HARTMAN; VERDENE ALLEN; MIKE CARTER; GARY
COTTONGIM; and all their unknown officers, employees and agents;

(15)    THOMPSON AND COLEGATE; CAROL A. GREENE; RONALD V.
LARSON; and their unknown officers, employees and agents;

(16)    HORVITZ & LEVY; DAVID M. AXELRAD; CHRISTINE A. PAGAC;
and their unknown officers, employees and agents;

(17)    LOMA LINDA COMMUNITY HOSPITAL; LOMA LINDA
UNIVERSITY MEDICAL CENTER; MELISSA HINGULA; KAREN
BOWERS; RENEE EASTON; ROB MONTAGUE; DOLORES
MERCADO, and their unknown officers, employees and agents;

(18)    PROSKAUER, ROSE, GOETZ & MENDELSOHN; BERMAN &
BERMAN; JOAN E. SMILES; JEFFREY A. BERMAN; and their
unknown officers, employees and agents;

E - 25

(19)    GRANOWITZ & WHITE; GRANOWITZ, WHITE & WEBER;
RICHARD A. GRANOWITZ; BRADLEY R. WHITE; GREGORY W.
BRITTAIN; STEVEN R. WEBER; LAURIE A. IBARRA; and their
unknown officers, employees and agents;

(20)    HOMESIDE LENDING, INC. F/K/A: BANCBOSTON MORTGAGE
CORPORATION; DARRYL WORSHAM; ROBIN PREMA WRIGHT;
HAZELLE E. WEISSINGER; JOHN C. MCCREARY; LOGS
FINANCIAL SERVICES, INC.; LAURA HYDE; and their unknown
officers, employees and agents;

(21)    SHAPIRO & MILES; ARAM ORDUBEGIAN; KEENAN E.
MCCLENAHAN; JENNIFER KING; PROFESSIONAL LENDERS
ALLIANCE CORPORATION; BRUCE RUSK; JACKIE PONICH;
NATIONWIDE POSTING AND PUBLICATION, INC.; BOB
O'CONNOR; FRANK KAPLAN & ASSOCIATES; DENNIS MCGREW;
and their unknown officers, employees and agents;

(22)    AMRANE COHEN; LINDA S. CONWAY; MISTY PERRY ISAACSON;
and their unknown employees, officers and agents;

(23)    MILES, WRIGHT, FINLAY & ZAK, LLP; JONATHAN M. ZAK;
KEENAN E. MCCLENAHAN; DOMENIC PUCCIO, II; T. ROBERT
FINLAY; DOUGLAS E. MILES; RICHARD J. BAUER, JR.; LUISA G.
JAFFE; ROBIN PREMA WRIGHT; STEPHANIE COOPER
CHRISTENSEN; SUZANNE L. GERLACH; JUDITH KIM; EDWARD
D. RUSSELL; JANET DITTBERNER; MICHAEL W. CHEN; JOLENE
P. BODOW; MICHAEL R. BROOKS; GWEN H. VECCHIO; JEREMY
BERGSTROM; JONA LOGAN; CYNTHIA L. COX; SYLVIA M.
CRANSTON; MICHAEL J. AED; EDWARD T. WEBER; GEORGANNA
L. DRAYTON; and their unknown officers, employees and agents;

(24)    all other defendants including, but not limited to the PARTIES AS
LISTED IN THE PRIOR COMPLAINTS given by me to each of you, and
all other officers, employees and agents;

(25)    and DOES 1 through 1000, inclusive.

**To Mr. William Burchill, the General Manager of HUD, Mr. Steve Westly, and Mr. Sam
Spears:**

This Notice of Claims is being sent to each of you pursuant to the Federal Tort Claims Act, Title
28 of the United States Code, Chapter 171, Sections 2671, et seq., and California's State Tort
Claims Act, California's Government Code, Sections 900, et seq., against each of the above
listed defendants, as a supplement to the prior claims given to each of your respective Agencies,
against the above-listed defendants with regard to the claims contained in the actions filed in the
United States District Court for the Central District of California, current civil case numbers:
CV 97-923 AHS, case of Reddy v. The Superior and Municipal Court of California for the
County of San Bernardino, et al.; CV 99-4431-ABC, case of REDDY v. HOMESIDE LENDING,
et al.; and CV 00-1452-MMM, case of REDDY v. UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF CALIFORNIA, et al., respectively.



Based on the fact that for each act of fraud and civil conspiracy of the above-listed defendants, I'm entitled to trebled the amount in punitive damages under California law, and for each subsequent act of fraud and civil conspiracy by the above-listed defendants, the original punitive damages got converted to compensatory damages and added three times that amount in punitive damages. Though I made every attempt to mitigate my damages in a Court of Law, the defendants abused their authority as Judicial officers and their agents, respectively, and acted in their individual capacity as well as their official capacity, thus making the County of San Bernardino, the State of California, and the United States liable for their illegal activities. The amount of damages sought for the claims against each of the above listed defendants thus far reached an excess of **one hundred trillion dollars.**

The dates of the **ongoing injuries** are from February 1990 through the present as set forth in the proposed complaints that were submitted to each of your respective departments in the past. The date of the latest injury was **December 12, 2005**, when the briefs related to the appeal from the illegal judgments of the United States Central District Court for the Central District of California and the Ninth Circuit Court of Appeals, were timely submitted to the Unites States Supreme Court, but were rejected by the Deputy Clerk, Ms. Sandra Elliott of the United States Supreme Court, and my motion for leave to file my documents was denied by the United States Supreme Court, in violation of the due process of law, on 12/12/2005.

The relevant facts which have already been presented to each of your respective departments in my earlier complaints, and which you are already familiar with, are in brief, as follows:

I was hired by my former employers in the year 1990; by LOMA LINDA COMMUNITY HOSPITAL in February 1990 and REDLANDS COMMUNITY HOSPITAL in April 1990. During my employment at those hospitals, I was discriminated by my former employers and their respective employees based on my race and Nationality, among others, and was harassed by my former employers and each of their employees, officers and agents, as listed above under defendants REDLANDS COMMUNITY HOSPITAL and LOMA LINDA COMMUNITY HOSPITAL, based on their perception that I was "not an American." Once that harassment was complained to my former employers, both of them terminated me of my employment.

After my termination, I hired the law firm of GRANOWITZ AND WHITE, and their attorneys, to represent me in a Court case against my former employer. Though the fee quoted by them to represent me, was paid in full to them, in the middle of the Court case, they demanded more money and when I could not pay, they stopped representing me in the middle of the case. Then, they filed a Small Claims Court action for money that I did not owe them, had their case fixed by the State Court judges, and obtained a judgment against me, illegally. That illegal judgment showed up in my credit report. I filed a lawsuit against GRANOWITZ AND WHITE defendants in the State Superior Court. The State Court judges, in violation of 42 USC Sections 1983 and 1985, and 1986, fixed the cases for the attorneys, and entered an interlocutory judgment against me. That case is still pending in the State Superior Court.

The first Superior Court case against REDLANDS COMMUNITY HOSPITAL was terminated in my favor. However, the State Superior Court and its judges conspired with the defendants, the Bailiff and the Court Reporter, refused to follow the State and Federal Laws, and issued a vexatious litigant order against me in violation of the State and Federal Laws, though I am the winning party in that case and all related cases against REDLANDS COMMUNITY HOSPITAL.

When the State Court vexatious litigant order was appealed to the State Supreme Court and to the United States Supreme Court, though no opposition was filed by the defendants in that case, the State Supreme Court and the United States Supreme Court, summarily denied my petition for Writ of Certiorari, obviously based on partisan decisions in favor of the Republican Party Judges.

5

**E-27**

U.S. POSTAL SERVICE
CERTIFIED MAIL RECEIPT

WASHINGTON DC 20544

| Postage | $ | $0.87 | 0403 |
| Certified Fee | | $2.40 | 24 |
| Return Receipt Fee (Endorsement Required) | | $1.85 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $5.12 | 12/04/2006 |

MR. WILLIAM R. BURCHILL, JR.
1 COLUMBUS CIRCLE, N.E.
WASHINGTON, DC 20544

7006 2150 0004 7563 5357

---

**SENDER: COMPLETE THIS SECTION**

■ Complete Items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MR. WILLIAM R. BURCHILL, JR.
THE GENERAL COUNSEL
TORT CLAIMS DIVISION
AOUSC,
1 COLUMBUS CIRCLE, N.E.
WASHINGTON, D.C. 20544

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  OGC          ☐ Agent
                ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
                                  12·11·06

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:    ☑ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from ser    7006 2150 0004 7563 5357

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

F-28

Krishna Reddy
10650 Mountain View Ave, #702
Redlands, CA 92373-8459
(909) 799-9569
No FAX Number

Plaintiff, KRISHNA REDDY,
in pro se,

## THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

CASE NO.:   06-CV-2114-JDB

KRISHNA REDDY,                 )
       Plaintiff,              )
         vs.                 )
                      )
SANDRA DAY O'CONNOR, et.al.,   )          CERTIFICATE OF SERVICE
      Defendants.             )
_____)

## PROOF OF SERVICE BY U.S. MAIL

I, _Michelle McDaniel_, declare:

1.    I am a resident of the County of San Bernardino, the State of California. I am over the age of 18 years, and not a party to the cause. My business address is: _10664 Mt. View Ave, Loma Linda CA 92373_

2.    On March 20, 2007, I served the following documents:

**(1)    PLAINTIFF'S OPPOSITION AND CROSS-MOTION FOR JUDGMENT...**

**(2)    PROPOSED ORDER;**

in the case of _Reddy v. Sandra Day O'Connor, et. al._, pending in the U.S. District Court for the District of Columbia, Civil Case No.: 06-CV-02114-JDB, on the defendants by placing true copies thereof enclosed in a sealed envelope with postage thereon fully prepaid for First Class Mail, and depositing that sealed envelope in the United States mail at San Bernardino, California, addressed as follows:

> Ms. Andrea McBarnette
> Assistant United States Attorney
> 555 Fourth Street, N.W.
> Washington, DC. 20530
> Phone: (202) 514-7153

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Proof of Service is true and correct.

Executed on March 20, 2007, in San Bernardino, California.

By: _____
       Declarant

1