UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KRISHNA REDDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-2114 (JDB) |
| | ) | |
| SANDRA DAY O'CONNOR | ) | |
| Associate Justice, United States Supreme Court, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NOTICE OF ERRATA

The Reply filed on April 6, 2007 and entered as docket #12, was incorrectly filed. The correct document is herein attached as Exhibit A, submitted as Defendant's Reply to in Support of the Supreme Court Defendants' Motion to Dismiss and Opposition to Plaintiff's Motion for Summary Judgment.

Respectfully submitted,

/s/
ANDREA McBARNETTE
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 514-7153

CERTIFICATE OF SERVICE

I hereby certify that on this April 6, 2007, I caused the foregoing notice of errata and Defendant's Reply to in Support of the Supreme Court Defendants' Motion to Dismiss and Opposition to Plaintiff's Motion for Summary Judgment to be served on pro se plaintiff, Krishna Reddy, by postage prepaid and addressed as follows:

KRISHNA REDDY
10650 Mountain View Ave., #702
Redlands, CA 92373-8459


/s/
ANDREA McBARNETTE
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 514-7153

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| KRISHNA REDDY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-2114 (JDB) |
| | ) | |
| v. | ) | |
| | ) | |
| SANDRA DAY O'CONNOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY IN SUPPORT OF SUPREME COURT DEFENDANTS' MOTION TO DISMISS
AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff filed this action on December 12, 2006, naming more than 200 individuals as defendants and raising a wide range of challenges to the handling of civil rights claims she pursued in California's state and federal courts. Of particular relevance to this motion, plaintiff named as defendants five Supreme Court Justices and one other Supreme Court employee (together "Supreme Court defendants"), challenging the denial of a 1997 petition for a writ of certiorari and the 2005 decision not to accept a document submitted by plaintiff for filing. The Supreme Court defendants[1] moved to dismiss the complaint on the grounds that (1) these defendants have absolute immunity from monetary claims against them in a personal capacity; (2) this Court lacks jurisdiction to compel official action by Supreme Court officials; (3) the complaint does not state a claim under 42 U.S.C. § 1983; and (4) monetary claims against these defendants in an official capacity must be dismissed under the Federal Tort Claims Act.

---

[1] Although plaintiff has named other federal defendants in the Complaint, the Court has requested a response only concerning the Supreme Court defendants. See December 20, 2006 Order.

1

On March 21, 2007, plaintiff filed an opposition to the motion to dismiss, along with a cross-motion for summary judgment. For the reasons set forth below and in the Supreme Court defendants' motion to dismiss, the motion should be granted and the cross-motion for summary judgment should be denied. No matter whether plaintiff seeks monetary or injunctive relief, and no matter whether he seeks relief against these defendants in a personal or official capacity, he simply may not present challenges to the Supreme Court's rulings on his cert petitions and to decisions about whether to accept documents for filing.

## ARGUMENT

*1.     Supreme Court defendants entitled to absolute judicial immunity*

Plaintiff first argues that the Supreme Court defendants are not entitled to absolute judicial immunity because the decision not to accept certain documents for filing was an "administrative" one to which absolute immunity does not apply. See Opp., at 6, citing Forrester v. White, 484 U.S. 219 (1988), and Antoine v. Byers & Anderson, Inc., 508 U.S. 429 (1993). But the Supreme Court defendants' motion to dismiss explained that absolute judicial immunity applies except where the judge's action either was not taken in a judicial capacity or was taken in complete absence of all jurisdiction. See Mireles v. Waco, 502 U.S. 9, 9-12 (1991). The decision not to accept plaintiff's submission for filing was plainly an integral part of the judicial process, and was fundamentally different from the types of actions at issue in Forrester (judge's firing of probation officer) and Antoine (court reporter's failure to produce transcript). The challenged decisions were made in a judicial capacity, and these defendants are therefore entitled to absolute immunity.

Plaintiff also suggests that absolute immunity is not appropriate because the Justices were recused from ruling upon his efforts to file his 2005 petition for a writ of certiorari in light

of the fact that they were named as defendants in that case.  See Opp., at 6, citing 28 U.S.C. § 455(b)(5)(I).  Plaintiff is incorrect.  There are exceptions to disqualification, and one such exception concerns frivolous suits.   See Snegirev v. Sedwick, 407 F. Supp.2d 1093, 1096 (D. Alaska 2006) ("Where a claim against the assigned judge is so wholly frivolous that there is no jurisdiction, the assigned judge should be able to decline to recuse and proceed with dismissing the case.").  Here, plaintiff's claims against the defendant Justices were wholly frivolous and therefore the Justices did not need to recuse themselves.

Plaintiff further asserts, the Justices acted without jurisdiction in ruling upon his petition.  Again, plaintiff's reading of the law is incorrect.  Assuming *arguendo* that there was colorable argument that the Justices should have been recused in ruling upon his 2005 motion to direct the Clerk to file a cert petition, this does not remotely suggest that they were acting in the "complete absence of all jurisdiction."  See Mireles, 502 U.S. at 12.  Plaintiff does not cite to a single case in which a violation of § 455 was held to be jurisdictional error, much less that the Justices were acting in the complete absence of jurisdiction.  Indeed, the Supreme Court has suggested to the contrary, explaining that the proper remedy where a judge should have been recused in a case that has been resolved is a motion under Federal Rule of Civil Procedure 60(b), where the court can make an informed determination concerning whether the ends of justice would be served by reopening the case.  See Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 862-62 (1988).

  2.  *The Court may not compel official action by the Supreme Court defendants*

Plaintiff next argues that this Court may enter an injunction against these defendants, citing cases in which appellate courts have ordered that lower courts take certain action in a case.  See Opp., at 7-8, citing Pulliam v. Allen, 466 U.S. 522 (1984).  Plaintiff's opposition brief

ignores entirely the court of appeals' unambiguous ruling (highlighted in the Supreme Court defendants' motion to dismiss) in In re Marin, 956 F.2d 339 (D.C. Cir.), cert. denied, 506 U.S. 844 (1992), that a lower court lacks jurisdiction to compel action by officials of the Supreme Court. That there may be "really extraordinary causes," where a federal court may have jurisdiction to compel action by a state court pursuant to 42 U.S.C. § 1983, see Pulliam, 466 U.S. at 538, does not alter the unsurprising conclusion that this Court may not compel the Supreme Court to accept plaintiff's filings or to take any other action relating to plaintiff's cases.

      3. *Plaintiff did not exhaust his administrative remedies under FTCA*

Pointing to a recent administrative claim filed with the Administrative Office of the United States Courts (AOUSC), plaintiff also argues that there is no reason to dismiss monetary claims against the Supreme Court defendants in an official capacity. See Opp., at 10-11. But as noted in the Supreme Court defendants' motion to dismiss, a jurisdictional prerequisite to the filing of an action under the Federal Tort Claims Act is that an administrative claim have been presented to and denied by the relevant federal agency before the action is filed in court. See 28 U.S.C. § 2675(a); GAF Corporation v. United States, 818 F.2d 901, 905 (D.C. Cir. 1987). The fact that plaintiff filed an administrative tort claim several days before filing this action does not satisfy § 2675(a) because the statute requires that the claim have been filed and denied before a civil action is filed. Thus, regardless of whether the AOUSC might soon deny his claim (or whether it may even have already done so), any claims under the FTCA presented in this case would still have to be dismissed because jurisdiction did not exist at the time the case was initially filed. See McNeil v. United States, 508 U.S. 106, 113 (1993).[2]

---

[2]     It also bears noting that any FTCA claim that might be presented by plaintiff against the Supreme Court defendants would be meritless. First, the FTCA makes the United States liable "in the same manner and to the same extent as a private individual under like circumstances." See 28 U.S.C. § 2674. Plaintiff has not articulated a theory under which the Supreme Court defendants might conceivably be liable under state law for the conduct complained of, and no

4

*4.     District Court Judge need not be recused*

Finally, plaintiff's suggestion that the district court must be recused, see Opp., at 2, is frivolous. The fact that the court "invited" the United States Attorney to file a motion to dismiss claims against the Supreme Court defendants is no evidence of bias, but instead reflects a sound and sensible approach to case management. See, e.g., Fed. R. Civ. P. 1 (federal rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action"); Fed. R. Civ. P. 83(b) ("A judge may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and local rules of the district"). And the fact that the court was appointed by the Chief Justice as a member of the Foreign Intelligence Surveillance Court, as plaintiff notes, does not remotely suggest that he is "employed" by the Chief Justice or that his impartiality might otherwise be reasonably questioned.

---

such theory exists. In addition, the statute specifically provides that "the United States shall be entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim." Id. Thus, for the reasons discussed above, the fact that the Supreme Court defendants would be entitled to absolute judicial immunity means that the United States also would not be liable for the same conduct.

5

## CONCLUSION

For these reasons, the complaint should be dismissed in its entirety.

April 6, 2007                              Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.

_____/s/_____
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 6, 2007, I caused the foregoing Reply to be served on pro se plaintiff, Krishna Reddy, by postage prepaid and addressed as follows:

KRISHNA REDDY
10650 Mountain View Ave., #702
Redlands, CA 92373-8459


     /s/
ANDREA McBARNETTE
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 514-7153