Krishna Reddy
10650 Mountain View Ave, #702
Redlands, CA 92373-8459
(909) 799-9569
No FAX Number

RECEIVED

APR 1 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Plaintiff, KRISHNA REDDY,
in pro se,

THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

CASE NO.: 06-CV-2114-JDB

| | |
|---|---|
| KRISHNA REDDY, ) | PLAINTIFF'S REPLY TO OPPOSITION TO CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS |
| Plaintiff, ) | |
| vs. ) | |
| SANDRA DAY O'CONNOR, et.al., ) | |
| Defendants. ) | Memorandum of Points and Authorities |
| ) | Declaration of Plaintiff |

1

## INTRODUCTION

This is a REPLY by me, Krishna Reddy, the plaintiff in the above-titled action, to the OPPOSITION by the Supreme Court defendants to my CROSS-MOTION for judgment on the pleadings against the defendants Chief Justice JOHN ROBERTS, Associate Justices SANDRA DAY O'CONNOR, ANTHONY KENNEDY, CLARENCE THOMAS, and ANTONIN SCALIA, and Court Clerk SANDRA ELLIOTT ("USSC defendants").

The "competency" of the USSC defendants and their attorneys exhibited in yet another set of pleadings is truly baffling! It is not clear as to what part of "I am a **woman** of East Indian origin" at paragraph 29 on page 11 of my Complaint that the defendants and their counsel do not understand!? They keep referring to me as a "male" throughout their meritless pleadings!

## STATEMENT OF RELEVANT FACTS

1. As pointed out in my Complaint, based on the atrocities by almost 200 defendants, most of whom are Judges of either State or Federal Courts in California, who improperly intervened claiming themselves as "defendants" in an action that was filed by me to which they were not even parties to begin with, I filed this instant action in this Court as defendant Judge STOTLER would not allow me to file this action against her and her co-conspirators in the Central District of California though she is precluded by law from making such a self-serving ruling.

2. In response to the invitation by Judge Bates, the USSC defendants voluntarily made an appearance in this action, and filed both Rule 12(b)(1) and 12(b)(6) motions to dismiss. In opposition, I filed my cross-motion for judgment, and also my objections to the hearing of matters by Judge Bates, who is not an Article III judge, and also a motion for disqualification of Judge Bates pursuant to 28 USC Sections 144 and 455. The defendants now filed a reply and opposition to my motion for summary judgment, recycling basically the same frivolous arguments that they made in their original motion to dismiss.

2

This is a reply by me to their opposition to my motion for judgment for failure of the defendants to plead a valid legal defense to my claims pursuant to FRCP Rule 12(h)(2).

## ARGUMENT

### I

### DEFAULT JUDGMENT IS PROPER AGAINST THE DEFENDANTS FOR THEIR FALSE PLEADINGS

The Ninth Circuit defined "frivolous" pleading as one that is not based on facts nor law [see *Townsend v. Holman Consulting Corp.* (9th Cir. 1990) 914 F2d 1136, 1140]. Default judgment is proper for false pleadings filed with court and for fraud upon the Court [see *Televideo Systems, Inc. v. Heidenthal* (1987) 826 F 2d 915]. As pointed out below, defendants misquoted the record and misrepresented the law; therefore, default judgment is proper as sanctions against all the USSC defendants.

### II

### NO VALID LEGAL DEFENSES WERE PRESENTED TO MY CLAIMS

The defendants' REPLY basically recycles the same frivolous arguments that they made with their original motion to dismiss. For reasons stated in my cross-motion, their frivolous defenses should be stricken, and a judgment should be entered in my favor in the above-titled action.

### 1

### SUPREME COURT DEFENDANTS ARE NOT ENTITLED TO ANY IMMUNITY; ABSOLUTE OR QUALIFIED

The USSC defendants and their counsel still do not seem to know the difference between the words "absolute" and "qualified!" While the word "absolute" stands for "<u>unconditional</u>", the word "qualified" stands for "<u>conditional</u>." The legal dictionary available at <findlaw.com> defines "absolute immunity" as "immunity from all personal civil liability *without limits or conditions*

3

(as a requirement of good faith), and defines "qualified immunity" as "immunity from civil liability that is *conditioned or limited* (as by a requirement of good faith or due care) (emphasis added).

The two exceptions to the "judicial immunity" that are applicable to the defendants in this case are met as follows:

1. <u>No immunity when acting in complete absence of all jurisdiction</u>. Lord Coke reportedly explained the operation of jurisdiction requirement for immunity as follows:

> "[W]hen a Court has (a) jurisdiction of the cause, and proceeds iverso ordine or erroneously, there the party who sues, or the officer or minister of the Court who executes the precept or process of the Court, no action lies against them. *But (b) when the Court has not jurisdiction of the cause, there the whole proceeding is [before a person who is not a judge], and actions will lie against them without any regard of the precept or process...*" (emphasis added)

As pointed out in my cross-motion, the individual justices themselves were parties to the case in which I was trying to file a petition for writ of certiorari, therefore, lacked jurisdiction over my case pursuant to 28 USCS 455.

2. <u>No immunity for violation of Constitutional rights of others</u>. The Supreme Court added another exception in the case of *United States v. Lanier* (1997) 137 L.Ed 2d 432, 436 to defeat judicial immunity, i.e., that "liability could be imposed for violation of Constitutional rights of others", not to mention, each of the defendants is bound by their Oath of Office pursuant to Article VI, clause 3 of the United States' Constitution, to support the United States Constitution. As explained in my complaint, in the State and Federal Court cases referenced by me in my complaint, I was the prevailing party; however, the 200 defendants' ignorance of law resulted in a wrong judgment and the 200 defendants are claiming a right to a wrong judgment. There is no vested right in a wrong judgment [see *Freeborn v. Smith* (1864) 69 US 160, 175]. Access to Courts is a fundamental right [see *Boddie v. Connecticut* (1971) 401 US 371, 377-381]. Defendants by denying me access to courts are denying me a fundamental right that is guaranteed to me

4

by the United States Constitution.

Since "judicial immunity" is NOT an "absolute immunity", but is a "qualified immunity" since it has the above-mentioned "exceptions/conditions" attached to it, and since the defendants seeking protection of that qualified immunity did not plead that he/she is "qualified" for that immunity [see *Gomez v. Toledo* (1980) 446 US 635], the defendants are not entitled to any immunity whatsoever.

In addition, the defendants still do not seem to understand that they were parties to the action in which I was attempting to file my petition for writ of Certiorari [see Exhibit B attached to my OPPOSITION at page 19]. Supreme Court Rule 14.1(b) requires that the parties be listed so that the Judges can disqualify themselves if grounds for disqualification exist. The word used by Congress in writing 28 USCS 455 was "shall" as in "*shall* disqualify". Per Webster's dictionary, the word "shall" is used in "laws, regulations, or directives to express what is *mandatory* (emphasis added)." Therefore, the recusal under 28 USCS 455 is <u>not optional but is mandatory</u>. Thus the statute stripped the justices of any "self-help jurisdiction" over my case when it was in the Supreme Court. The defendants and their counsel can say it a million times that they had jurisdiction over my case, but that does not negate the fact that they were acting in *complete absence of all jurisdiction* per the statute 28 USCS 455 [see *Rankin v. Howard* (1980) 633 F2d 844; and see *Simmons v. Conger* (11th Cir. 1996) 86 F3d 1080].

The very actions for which the defendants are claiming judicial immunity are said to have violated due process based on the following cases, where the Supreme Court said, fair trial, as <u>required by due process</u>, requires not only absence of actual bias on part of judge, but also that <u>no man be judge in his own case or try cases where he has interest in outcome</u> [see *Re Murchison* (1955) 349 US 133; also see *Ward v. Village of Monroeville* (1972) 409 U.S. 57]. And in the case of *US v. Lanier* (1997) 137 L Ed 2d 432, 436, the Supreme Court said that there is no

5

immunity for violation of Constitutional rights of others.

Defendants have not cited one single Supreme Court case to say that they can violate the United States Constitution and still claim judicial immunity! The case of *Snegirev* that they cited is from a District Court in Alaska and is in violation of the law of the Ninth Circuit, which says that there is no "partial disqualification" and that the judge should recuse self from the "entire litigation" after his disqualification [see *US v. Feldman* (9th Cir. 1992) 983 F2d 144, 145]. A disqualified judge cannot assume jurisdiction to take a "peek" at the case to see if it is frivolous or not [see *McCuin v. Texas Power & Light Co.* (5th Cir. 1983) 714 F2d 1255, 1261].

Interestingly, for the USSC justices who did not even know what the "apportionment clause" of the 14th Amendment was and who seated the wrong man as a President [see Exhibit 1 of the Evidence Package submitted with the motion for Disqualification of Judge Bates], and for the USSC justices and their attorneys who do not seem to know if judicial immunity is an absolute immunity or a qualified immunity, apparently anything they cannot comprehend seems to be "frivolous" to them because they are looking at the World with their "frivolous eyes!" They just need to look at their own pleadings to identify what exactly a "frivolous pleading" looks like!

It is not surprising to see that the defendants do not even know that in the case that they themselves cited, the case of *Liljeberg v. Health Serv. Acq. Corp.* (1988) 486 US 847, 862-870, the Supreme Court ruled that a FRCP Rule 60(b)(6) motion is available for vacating a "void judgment" made by a disqualified judge for *violation of disqualification statutes*!

2
INJUNCTION IS PROPER TO GUARD AGAINST FUTURE VIOLATIONS

Defendants and their counsel continue to have comprehension problems! In the case of *In re Marin*, the defendant apparently instead of filing a motion in the USSC for an order to compel the Court Clerk to file the documents, went to the

6

District Court with that motion. If the USSC defendants looked at the docket of my case in the USSC that I was trying to file my Petition for Writ of Certiorari in, they would have found out that I did bring that motion to order the Court clerk to file my documents *in the Supreme Court itself.* This action is for the constitutional violations and obstruction of justice in the Supreme Court by the disqualified justices with their self-help jurisdiction over my case, for damages, injunction for future violations and for declaratory relief. No one is above the law, not the President of the United States, not even the Supreme Court Justices for their ministerial duties as they did in handling of my petition in the Supreme Court, and liability could be imposed on them and injunction granted [see *Mississippi v. Johnson* (1866) 71 U.S. 475, 478 - held that with regard to ministerial duties, no one is above the Constitution].

3

FTCA PRESENTMENT IS NOT REQUIRED FOR CAUSES OF
ACTION THAT ARE NOT COGNIZABLE UNDER FTCA

I am not sure that the defendants are even understanding their own pleadings! At footnote 4 on page 7 of their motion to dismiss, they say that my complaint is not "cognizable" under FTCA, yet, they cite *McNeil v. US* where apparently the claims were "cognizable" under FTCA, and continue to raise the same frivolous arguments at footnote 2 of their REPLY, even after I cited the case of *FDIC v. Meyer* (1994) 510 US 471, where the Court said that if an action is "not cognizable under FTCA", then FTCA is not the "exclusive remedy." In the case of *GAF Corp. V. US* (DC Court 1987) 818 F2d 901, at page 923, the Court said that after giving a complaint under FTCA, there is nothing in the Federal Tort Claims Act that qualifies or abrogates complainant's right to determine that a judicial forum is the preferred forum.

Based on the above, FTCA requirements have been complied with, and for those claims that are not cognizable under FTCA, this action can proceed.

4

## DISTRICT COURT JUDGE LACKS POWER TO PROCEED WITH THE CASE

On a motion for recusal under 28 USCS 144, the judge at whom it is directed must determine whether the affidavit is "timely and sufficient"; but otherwise, the case must be assigned to another judge for determination on its merits [see *US v. Sibla* (9th Cir. 1980) 624 F2d 864, 868]. Filing of affidavit of personal bias or prejudice of judge who is to preside at trial, leaves judge no duty other than to pass upon the "legal sufficiency of affidavit" to show his objectionable inclination or disposition, and, if legally sufficient, compels disposition and compels judge's retirement from case [see *US v. Womack* (1972, CA5 Tex) 454 F2d 1337, 1341; see *Bell v. Chandler* (1978, CA10 Okla) 569 F2d 556, 557-560; also see *State of California v. Kleppe* (1977, CD Cal) 431 F. Supp. 1344, 1345-1351].

The effect of 28 USCS 144 disqualification is that the disqualified judge is recused for the "entire litigation" as there are no "partial disqualifications" [see *US v. Feldman* (9th Cir. 1992) 983 F2d 144, 145]. A recused judge is not permitted to "select another judge" to take his place as that "would violate the Congressional command that the disqualified judge be removed from all participation in the case" and assignment should be done by another judge [see *McCuin v. Texas Power & Light Co.* (5th Cir. 1983) 714 F2d 1255, 1261], and another judge who is not disqualified should be hearing matters in the case [see *US v. Will* (1980) 449 US 200, 212].

The defendants do not cite a single case where a judge employed by a litigant need not recuse himself. Even if Judge Bates resigns from his position as Judge of the FISA Court, still would be disqualified as not sufficient time would elapse between his resignation if any and my motion for disqualification.

My disqualification motion is timely, and meets the requirements under 28 USCS 144; therefore, recusal of Judge Bates is proper.

III

OBJECTIONS TO HEARING OF MATTERS BY JUDGE BATES

As stated in my <u>unopposed</u> objections to hearing of matters by Judge Bates, I have a right to be heard by an Article III judge, and since Judge Bates is not an Article III judge as was appointed by a non-Article II "surrogate" President, I have a right to object to hearing of any matters in my case by Judge Bates [see *Mark I, Inc. V. Gruber* (1994, CA7 Ill) 38 F3d 369; and *Pacemaker Diagnostic Clinic of America, Inc. V. Instromedix, Inc.* (9th Cir. 1984) 725 F 2d 537, 546].

Based on the above, I request Judge Bates to kindly recuse self from hearing any matters in this case.

## CONCLUSION

For all the reasons stated above, Judge Bates should disqualify himself from hearing any matters in this case, and the Judge assigned to hear all matters should deny the USSC defendants' frivolous motion to dismiss, and grant my motion for judgment in my favor and against all the USSC defendants.

Respectfully submitted,

Date: April 12, 2007

*Krishna Reddy*

Krishna Reddy
Plaintiff, in pro se

9

## DECLARATION OF PLAINTIFF, KRISHNA REDDY

I, Krishna Reddy, declare:

1. I am the plaintiff in the above-titled action.

2. This declaration is being made in support of my REPLY to OPPOSITION to my CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS.

3. This reply is being personally prepared by me and all facts stated in this reply, including this declaration, the memorandum of points and authorities in support thereof, and all the documents referenced to in support of this reply, are all within my personal knowledge, except where otherwise indicated on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed this 12nd day of April, 2007, at Redlands, California.

*Krishna Reddy*
_____
Krishna Reddy
Plaintiff, pro se

Krishna Reddy
10650 Mountain View Ave, #702
Redlands, CA 92373-8459
(909) 799-9569
No FAX Number

Plaintiff, KRISHNA REDDY,
in pro se,

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CASE NO.:   06-CV-2114-JDB

KRISHNA REDDY,            )
     Plaintiff,           )
     vs.                  )
SANDRA DAY O'CONNOR, et.al.,  )   CERTIFICATE OF SERVICE
     Defendants.          )
_____   )

## PROOF OF SERVICE BY U.S. MAIL

I, _Michelle McDaniel_, declare:

1. I am a resident of the County of San Bernardino, the State of California. I am over the age of 18 years, and not a party to the cause. My business address is: _10664 Mt. View Ave, Loma Linda CA 92373_.

2. On April 12, 2007, I served the following document:

**PLAINTIFF'S REPLY TO OPPOSITION TO CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS**

in the case of <u>Reddy v. Sandra Day O'Connor, et. al.</u>, pending in the U.S. District Court for the District of Columbia, Civil Case No.: 06-CV-02114-JDB, on the defendants by placing true copies thereof enclosed in a sealed envelope with postage thereon fully prepaid for First Class Mail, and depositing that sealed envelope in the United States mail at San Bernardino, California, addressed as follows:

> Ms. Andrea McBarnette
> Assistant United States Attorney
> 555 Fourth Street, N.W.
> Washington, DC. 20530
> Phone: (202) 514-7153

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Proof of Service is true and correct.

Executed on April 12, 2007, in San Bernardino, California.

By: _____
    Declarant